In re the ADOPTION OF:
A.K.S., Minor Child,

Sherif K. Shaalan, Appellant–Respondent,

v.

William D. JERDEN, Appellee–Petitioner.

No. 53A01–9812–CV–458.

Court of Appeals of Indiana.

July 8, 1999.

Rehearing Denied Sept. 16, 1999.

---

James T. Roberts, Jason Salerno, Nashville, Indiana, Attorney for Appellant.

Kendra Gowdy Gjerdingen, Mallor Clendening Grodner & Bohrer, Bloomington, Indiana, Attorney for Appellee.

## OPINION

STATON, Judge

Sherif K. Shaalan ("Shaalan") appeals the denial of his motion to Reopen Judgment to Set Aside Decree of Adoption of A.K.S. Shaalan raises two issues for our review, which we restate as:

I. Whether the trial court erred by finding that Shaalan was not entitled to notice of the petition for adoption of A.K.S., due to Shaalan's failure to register with the putative father registry.

II. Whether the trial court erred by finding that Shaalan's consent to the adoption of A.K.S. was not required.

We affirm.

Rita Wanstrath Jerden ("Rita") gave birth to a son, A.K.S., on January 31, 1992. The following day, Rita and Shaalan, who were not married, executed a paternity affidavit in accordance with IND.CODE § 31–6–6.1–9(b)(2) (1988). Shaalan and Rita never wed; however, Shaalan either lived with Rita and A.K.S. or maintained frequent contact with the child through March 1994. Rita paid for the expenses of childbirth and provided financial support for A.K.S. Shaalan paid for A.K.S.'s day care expenses for a four-month period in 1993.

Rita married William Jerden ("Jerden") on April 12, 1997. On May 6, 1997, Jerden filed a petition to adopt A.K.S. Rita consented to the adoption. The petition for adoption was granted and finalized on September 23, 1997. Shaalan was informed of the adoption on October 6, 1997. On December 10, 1997, Shaalan filed a putative father registration form with the Indiana State Department of Health. Shaalan filed his Motion to Reopen Judgment and to Set Aside Decree of Adoption on March 23, 1998. The trial court held a hearing on October 14, 1998, and on No-

vember 12, 1998, issued its findings of fact and conclusions of law denying Shaalan's motion. Shaalan appeals.

 : Where a trial court has made special findings pursuant to a party's request under T.R. 52(A), the reviewing court may affirm the judgment on any legal theory supported by the findings. *Mitchell v. Mitchell,* 695 N.E.2d 920, 923 (Ind.1998). In reviewing the judgment, we must first determine whether the evidence supports the findings and second, whether the findings support the judgment. *Ahuja v. Lynco Ltd. Medical Research,* 675 N.E.2d 704, 707 (Ind.Ct.App. 1996), *trans. denied.* The judgment will be reversed only when clearly erroneous. *De-Haan v. DeHaan,* 572 N.E.2d 1315, 1320 (Ind.Ct.App.1991), *trans. denied.* Findings of fact are clearly erroneous when the record lacks any reasonable inferences from the evidence to support them. *Id.* To determine whether the findings or judgment are clearly erroneous, we consider only the evidence favorable to the judgment and all reasonable inferences flowing therefrom, and we will not reweigh the evidence or assess witness credibility. *Id.*

## I.

### *Notice*

 Shaalan contends that Indiana's requirement that a putative father be registered in the putative father registry before he is entitled to notice of adoption violates the due process and equal protection guarantees of the United States Constitution. We need not address this issue, because we hold that the trial court erred by finding that Shaalan was not entitled to notice of the adoption of A.K.S. due to his failure to register. Shaalan was not a "putative father" required to register with the putative father registry; thus, the trial court erred by finding that his failure to register forfeited his right to notice of the adoption.

IND.CODE § 31–9–2–100(2)(B) (Supp.1997) defines "putative father" as "a male of any age who is alleged to be or claims that he

may be a child's father but who ... has not established paternity of the child ... by executing a paternity affidavit under IC 16–37–2–2.1 before the filing of an adoption petition." Shaalan executed a paternity affidavit the day after A.K.S. was born. Although Shaalan's paternity affidavit was in accordance with IC 31–6–6.1–9(b)(2) and not under IC 16–37–2–2.1, the latter was not in existence at the time A.K.S. was born in 1992. Shaalan's paternity affidavit was executed on a form provided by the Indiana State Department of Health and was acknowledged by both Shaalan and Rita. Thus, we hold that Shaalan's paternity affidavit satisfies IC 16–37–2–2.1,[1] and because it was executed before the filing of the petition for adoption of A.K.S., Shaalan is not a "putative father" required to register with the putative father registry. Thus, the conclusion by the trial court that Shaalan was not entitled to notice of A.K.S.'s adoption based on his failure to register is clearly erroneous.

## II.

### *Whether Consent was Required*

IND.CODE § 31–19–9–1 (Supp.1997) sets forth whose consent is required to grant a petition for adoption. The statute provides, in relevant part:

(a) Except as otherwise provided in this chapter, a petition to adopt a child who is less than eighteen (18) years of age may be granted only if written consent to adoption has been executed by the following:

. . .

(2) The mother of a child born out of wedlock and the father of a child whose paternity has been established by:

. . .

(B) a paternity affidavit executed under IC 16–37–2–2.1[.]

As set forth above, the paternity affidavit executed by Shaalan the day after A.K.S.'s birth satisfies the requirements of IC 16–37–2–2.1. Thus, Shaalan's consent was required in order for the trial court to grant Jerden's

1. *See Matter of Adoption of M.A.S.,* 695 N.E.2d 1037, 1039 n. 2 (Ind.Ct.App.1998) (recognizing that IC 31–6–6.1–9 controlled the execution of paternity affidavits before IC 16–37–2–2.1 was in existence).

petition to adopt A.K.S., unless another provision of the chapter applies. IND.CODE § 31–19–9–8 (Supp.1997) provides, in relevant part:

> (a) Consent to adoption is not required from any of the following:
>
> . . .
>
> (2) A parent of a child in the custody of another person if for a period of at least one (1) year the parent:
>
> (A) fails without justifiable cause to communicate significantly with the child when able to do so; or
>
> (B) knowingly fails to provide for the care and support of the child when able to do so as required by law or judicial decree.

■ As this statute is in derogation of common law, it must be strictly followed in all essential particulars. *In re Adoption of Subzda,* 562 N.E.2d 745, 748 (Ind.Ct.App. 1990). Furthermore, in order for an adoption to take place without parental consent, the statutory exceptions for failure to communicate with or support the child must be shown by clear, cogent, and indubitable evidence. *Id.*

■ Shaalan first contends that the trial court erred by finding that his consent to the adoption was not required because he had failed to communicate with A.K.S. for over one year. The evidence presented at the October 14, 1997 hearing revealed that Shaalan moved to Maryland in June 1994, but maintained contact with A.K.S. through phone calls and letters for over one year. Shaalan visited A.K.S. in August 1994, and also took him on a vacation in 1994. Beginning in 1996, Rita refused to read Shaalan's letters to A.K.S., and returned the letters to Shaalan. Shaalan returned to Indiana briefly in May 1997 and attempted to see A.K.S., but a meeting could not be arranged. This evidence reveals that Shaalan attempted to maintain contact with A.K.S., but that Rita refused to let him communicate with his son. Efforts of a custodial parent to hamper or thwart communication between a parent and child are relevant in determining the ability to communicate. *In re Adoption of Augustyniak,* 505 N.E.2d 868, 871 (Ind.Ct.App. 1987), *reh. denied.* Because the evidence shows that Rita did thwart attempted communications between Shaalan and A.K.S., we hold that the trial court erred by concluding that Shaalan's consent to the adoption was not required under IC 31–19–9–8(a)(2)(A).

■ Shaalan also contends that the trial court erred by finding that his consent to the adoption was not required because he had failed to support A.K.S. for over one year. However, Shaalan himself testified that he had not provided any support for A.K.S. since Shaalan moved to Maryland in 1994. Although Shaalan and Rita did not have an order requiring him to pay support, "fathers have a common law duty to support their children which exists apart from any court order or statute." *Moody v. Moody,* 565 N.E.2d 388, 391 (Ind.Ct.App.1991). Shaalan made no offer of support, other than four months of day care expenses that he paid in 1993. This evidence supports the finding of the trial court that Shaalan knowingly failed to provide support for A.K.S. for over one year when he was required to do so by law. *See In re Adoption of A.M.K.,* 698 N.E.2d 845, 847 (Ind.Ct.App.1998), *trans. denied* (holding that natural father's consent to adoption was not required under similar circumstances). Shaalan's consent to the adoption was not required under IC 31–19–9–8(a)(2)(B), and the trial court did not err by denying Shaalan's Motion to Reopen the Judgment and Set Aside the Adoption Decree.[2]

Affirmed.

NAJAM, J., and RUCKER, J., concur.

---

2. Shaalan argues that he was entitled to notice of the pending adoption, regardless of whether his consent was required. Assuming without deciding that Shaalan was entitled to notice, we hold that the October 14, 1998 hearing afforded Shaalan the same opportunity to present evi-

dence regarding his communication with and support of A.K.S. that notice would have provid-