**In the Matter of the ADOPTION OF B.R.**

**Samuel Lee Shell, Appellant,**

v.

**William Brandon Roundtree, Appellee.**

**No. 79A02–0705–CV–399.**

Court of Appeals of Indiana.

Dec. 4, 2007.

Cynthia Phillips Smith, Law Office of Cynthia P. Smith, Lafayette, IN, Attorney for Appellant.

## OPINION

BAILEY, Judge.

### Case Summary

Samuel Lee Shell ("Samuel") appeals the trial court's denial of his Petition for Adoption. We reverse and remand.

### Issue

Samuel raises the sole issue of whether the trial court erred in denying his Petition.

### Facts and Procedural History

Nikole Shell ("Nikole") gave birth to B.R. in 2001. She and William Roundtree ("William") executed a paternity affidavit stating that William was B.R.'s biological father. Nikole married Samuel in 2006.

Samuel petitioned for adoption of B.R. on December 13, 2006. Nikole consented. William, however, filed a Motion to Contest Adoption.

After a hearing, the trial court found that William "had the ability to pay support at various times in the past five years" and that he "paid no support for the child to the mother." Appendix at 3. Concluding that "[t]here was no Court or-

der or other requirement that the father pay support for the child," the trial court ordered that William's consent to the adoption was required.[1] *Id.*

Samuel now appeals the denial of his Petition.

## Discussion and Decision

### A. Standard of Review

Samuel challenges, among other things, the trial court's interpretation of Indiana Code Section 31–19–9–8(a)(2)(B) ("Consent Statute").[2] "The interpretation of a statute is a question of law reserved for the courts. We will review questions of law under a de novo standard and owe no deference to a trial court's legal conclusions." *Scott v. Irmeger,* 859 N.E.2d 1238, 1239 (Ind.App.2007) (internal citation omitted), *reh'g denied.*

### B. Analysis

The Consent Statute provides:

Consent to adoption, which may be required under section 1 of this chapter, is not required from any of the following:

. . .

(2) A parent of a child in the custody of another person if for a period of at least one (1) year the parent:

(A) fails without justifiable cause to communicate significantly with the child when able to do so; or

(B) *knowingly fails to provide for the care and support of the child when able to do so as required by law or judicial decree.*

Ind.Code § 31–19–9–8(a) (emphasis added). As an initial matter, we note that the provision is disjunctive—consent of the parent is not required where either failure to communicate or failure to provide support is established. *In re Adoption of C.E.N.,* 847 N.E.2d 267, 272 (Ind.Ct.App. 2006). Accordingly, we confine our review to the trial court's findings and conclusions regarding support.

The trial court found that William paid no support despite having the ability to do so. However, it concluded that William's consent was required because "[t]here was no Court order or other requirement that [William] pay support for the child." App. at 3. To the contrary, this Court has held that the common law duty of a parent to support his child satisfies the statute. *In re Adoption of M.A.S.,* 815 N.E.2d 216, 220–21 (Ind.Ct.App.2004); *In re Adoption of A.K.S.,* 713 N.E.2d 896, 899 (Ind.Ct.App. 1999), *trans. denied;* and *Irvin v. Hood,* 712 N.E.2d 1012, 1014 (Ind.Ct.App.1999) ("Irvin's failure to provide support for a child whom he acknowledged as his own establishes that he has failed to support his child 'as required by law or judicial decree.' "). *See also Pettit v. Pettit,* 626 N.E.2d 444, 445 (Ind.1993) ("child support obligations arise out of a natural duty of the parent"). Accordingly, we conclude that William's consent to the adoption of B.R. is not required. We remand this matter to the trial court for further proceedings, specifically for the trial court to make findings pursuant to Indiana Code Section 31–19–11–1(a) (standard for granting a petition).

---

1. In its order of May 3, 2007, the trial court ordered that "[t]he consent of [William] to the adoption of [B.R.] by [Samuel] is required prior to the granting of the petition for adoption." Appendix at 5. In light of William's Motion to Contest Adoption, in which he stat-

ed that he did "not consent to this adoption," we deem the order to constitute a denial of the Petition. *Id.* at 185.

2. William did not submit a brief.

## Conclusion

The trial court erred in concluding that William's consent to the adoption was required.

Reversed and remanded.

NAJAM, J., and CRONE, J., concur.