**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**PAMELA SIDDONS**
Siddons Law Office LLC
Mooresville, Indiana

ATTORNEY FOR APPELLEES:

**DALE S. COFFEY**
Boren, Oliver & Coffey, LLP
Martinsville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IN THE MATTER OF THE ADOPTION OF A.V.W. and R.V.W., | ) | |
| | ) | |
| E.S., | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 55A05-1210-AD-551 |
| | ) | |
| D.K. and J.K., | ) | |
| | ) | |
| Appellees. | ) | |

APPEAL FROM THE MORGAN SUPERIOR COURT
The Honorable G. Thomas Gray, Judge
Cause Nos. 55D01-1106-AD-68, 55D01-1106-AD-69

**May 16, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

E.S. is the biological mother of two minor children, A.V.W. and R.V.W. On or about December 10, 2007, E.S. and the children's father, J.V.W., met J.K. and her now-husband, D.K., near an interstate exit in Brookville and asked J.K. to care for the children "for a while." J.K. agreed, and since that time, the children have continued to live with D.K. and J.K. E.S. had only sporadic contact and communication with the children during the spring and summer of 2008, but has had no communication with the children since late 2008 or early 2009. At some point, D.K. and J.K. became the children's legal guardians.

On June 13, 2011, D.K. and J.K. filed petitions seeking to adopt the children. In their petitions, D.K. and J.K. alleged that the adoption would be in the children's best interests and that E.S.'s consent was not necessary pursuant to Indiana Code sections 31-19-9-8(a)(2) and (a)(11). Following a two-day evidentiary hearing, the trial court granted D.K. and J.K.'s petitions to adopt the children. In granting their petitions, the trial court determined that D.K. and J.K. had met their burden of proving that E.S.'s consent to the adoption was not necessary under Indiana Code section 31-19-9-8(a)(2)(A) because E.S. had failed to engage in significant communication with the children for a period of over one year. Concluding that this determination is supported by the record, we affirm.

## FACTS AND PROCEDURAL HISTORY

E.S. (hereinafter "Mother") has two minor children at issue in this appeal, A.V.W. and R.V.W. (collectively, "the children"). A.V.W. was born on October 6, 2006. R.V.W. was born on April 2, 2005.

On or about December 10, 2007, Mother and the children's father, J.V.W. (hereinafter "Father"), met D.K. and J.K. near an interstate exit in Brookville and asked J.K. to care for the children "for a while." Tr. p. 29. Mother and Father indicated that they did not have a place to live and wished for J.K. to care for the children until they were able to obtain housing. J.K. agreed. After agreeing to care for the children, J.K. noticed that both children were sick and had severe lice infestations. Both children were subsequently diagnosed with "Shigellas," which is described as a bacterial infection in the stomach that would cause them to vomit profusely. Tr. p. 32.

During 2008, Mother made sporadic contact with the children and visited with J.K. and the children on a few occasions. Mother, however, has not seen the children since the summer of 2008 or communicated with the children since late 2008 or early 2009. Mother was incarcerated in July of 2010. Mother, despite having the ability to do so, did not attempt to write to the children while she was incarcerated. In addition, Mother did not attempt to communicate with the children since being released from incarceration in April of 2012. At some point, D.K. and J.K. became the children's legal guardians.

On June 15, 2011, D.K. and J.K. filed petitions seeking to adopt the children. In their petitions, D.K. and J.K. alleged that the adoptions would be in the children's best interests and that Mother's consent was not necessary pursuant to Indiana Code section 31-19-9-8(a)(2) because Mother had failed to engage in significant communication with or provide support for the children. D.K. and J.K. further alleged that Mother's consent was not

necessary pursuant to Indiana Code section 31-19-9-8(a)(11) because Mother was unfit to parent the children. Father consented to the adoptions.

The trial court conducted a two-day evidentiary hearing during which it heard evidence relating D.K. and J.K.'s petitions to adopt the children. J.K. testified that Mother had only communicated with the children sporadically since they were placed in her and D.K.'s care in December of 2007. J.K. further testified that Mother last saw the children during the summer of 2008, and had not communicated with the children at all since late 2008 or early 2009. Both D.K. and J.K. testified that the children had not received any gifts, cards, or letters from Mother since receiving birthday cards in 2008.

Mother, for her part, claimed that she had attempted to call the children "two or three times" in 2010. Tr. p. 116. Mother also claimed to have mailed birthday cards to the children and that she had left a gift for the children at D.K. and J.K.'s home in 2010. Mother acknowledged that she had not attempted to communicate with the children while she was incarcerated and had not attempted to communicate with the children since being released. Mother appears to blame her failure to communicate with the children on D.K. and J.K.

At the conclusion of the evidentiary hearing, the trial court determined that Mother's consent to the adoption was not necessary because D.K. and J.K. had proved that the condition set forth in Indiana Code section 31-19-9-8(a)(2)(A) dispensing of the consent requirement had been met and that adoption was in the children's best interests. The trial court thereafter granted D.K. and J.K.'s petitions to adopt the children. This appeal follows.

**DISCUSSION AND DECISION**

In challenging the trial court's order granting D.K. and J.K.'s petitions to adopt the children, Mother contends that the evidence presented during the evidentiary hearing was insufficient to show that her consent to the adoption of the children was not required. Specifically, Mother asserts that D.K. and J.K. failed to present clear and convincing evidence that she failed to communicate significantly with the children or knowingly failed to provide care and support for the children. Mother also asserts that D.K. and J.K. failed to present clear and convincing evidence that she would be an unfit parent.

> When reviewing the trial court's ruling in an adoption proceeding, we will not disturb that ruling unless the evidence leads to but one conclusion, and the trial court reached the opposite conclusion. *Rust v. Lawson*, 714 N.E.2d 769, 771 (Ind. Ct. App. 1999), *trans. denied*. We will not reweigh the evidence, but instead will examine the evidence most favorable to the trial court's decision together with reasonable inferences drawn therefrom, to determine whether sufficient evidence exists to sustain the decision. *Id.*

*In re Adoption of C.E.N.*, 847 N.E.2d 267, 271 (Ind. Ct. App. 2006).

"Indiana Code Section 31-19-11-1 provides that the trial court 'shall grant the petition for adoption and enter an adoption decree' if the court hears evidence and finds, in part, that 'the adoption requested is in the best interest of the child' and 'proper consent, if consent is necessary, to the adoption has been given.'" *In re Adoption of T.W.*, 859 N.E.2d 1215, 1217 (Ind. Ct. App. 2006). Pursuant to Indiana Code section 31-19-9-8, a parent's consent to a petition to adopt a child is not required if the potential adoptive parent can demonstrate that certain conditions exist. *In re Adoption of J.P.*, 713 N.E.2d 873, 875 (Ind. Ct. App. 1999). Indiana Code section 31-19-9-8 provides, in relevant part, that:

> (a) Consent to adoption is not required from *any* of the following:
> * * *

5

(2) A parent of a child in the custody of another person if for a period of at least one (1) year the parent:

    (A) fails without justifiable cause to communicate significantly with the child when able to do so; *or*

    (B) knowingly fails to provide for the care and support of the child when able to do so as required by law or judicial decree.

            \* \* \*

(11) A parent if:

    (A) a petitioner for adoption proves by clear and convincing evidence that the parent is unfit to be a parent; and

    (B) the best interests of the child sought to be adopted would be served if the court dispensed with the parent's consent.

            \* \* \*

(b) If a parent has made only token efforts to support or to communicate with the child, the court may declare the child abandoned by the parent.

(Emphases added). Because the provisions of Indiana Code section 31-19-9-8(a) are written in the disjunctive, the provisions provide independent grounds for dispensing with parental consent. *See In re Adoption of T.W.*, 859 N.E.2d at 1218. As such, we will affirm the judgment of the trial court if the evidence is sufficient to prove either that Mother failed to significantly communicate with the children when able to do so, provide support for the children when able to do so, or was an unfit parent and adoption is in the children's best interests.[1]

A petitioner seeking to adopt without parental consent bears the burden of proving the statutory criteria for dispensing with such consent in Indiana Code section 31-19-9-8(a) by "clear and convincing evidence." *In re Adoption of M.A.S.*, 815 N.E.2d 216, 220 (Ind. Ct.

---

[1] While the parties present argument relating to each of the three provisions on appeal, we note that the trial court based its decision that Mother's consent to the adoption was not needed on its determination that, although able to do so, Mother failed to significantly communicate with the children for a period of over one year. Likewise, we will focus our review on Mother's alleged failure to significantly communicate with the children.

App. 2004). If the evidence most favorable to the judgment clearly, cogently, and indubitably establishes one of the criteria for granting adoption without parental consent, we will affirm the judgment. *Rust*, 714 N.E.2d at 771. Finally, the decision of the trial court is presumed to be correct, and it is the appellant's burden to overcome that presumption. *Id*. at 772.

In the instant matter, the trial court determined that D.K. and J.K. met their burden of proving that Mother's consent was not necessary because she had failed to engage in significant communication with the children. This finding is supported by the record. The evidence shows that during 2008, Mother made sporadic contact with the children and visited with J.K. and the children on a few occasions. Mother sent the children birthday cards in 2008. Mother, however, has not seen the children since the summer of 2008. Mother did not send gifts, letters, or cards to the children at D.K. and J.K.'s residence in 2009, 2010, 2011, or 2012. Mother has not called the children since late 2008 or early 2009. Mother never visited the children at D.K. and J.K.'s home despite the fact that D.K. and J.K. have lived at the same residence since 2002, and Mother knew where this residence was located and had visited it on occasion prior to December of 2007. In addition, although Mother claims to have sent birthday cards and to have left a present for the children at D.K. and J.K.'s residence in 2010, these cards and gifts were never received by D.K., J.K., or the children.

Mother was incarcerated in July of 2010. Mother admitted, however, that she did not attempt to write to the children while she was incarcerated despite having the opportunity to do so. In addition, Mother also admitted that she has not attempted to communicate with the

children since being released from incarceration in April of 2012. Mother has failed to overcome the presumption that the trial court properly determined that her consent to the adoption was not required due to her failure to communicate with the children.

Having affirmed the finding that Mother did not engage in any significant communication with the children for a period of at least one year despite being able to do so, we conclude that D.K. and J.K. met their burden of proving that Mother had abandoned the children, and, as a result, Mother's consent to the adoption was not necessary. *See* Ind. Code § 31-19-9-8. Further, to the extent that Mother claims that she made attempts to communicate with the children that were thwarted by J.K., we note that Mother did not provide any evidence other than her own self-serving testimony to support this claim, which the trial court was not obligated to credit. Mother's claim on appeal amounts to nothing more than an invitation for this court to reweigh the evidence, which we will not do. *See In re Adoption of C.E.N.*, 847 N.E.2d at 271.

The judgment of the trial court is affirmed.

RILEY, J., and BROWN, J., concur.