**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 30 2014, 6:21 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARK I. COX**
The Mark I. Cox Law Office, LLC
Richmond, Indiana

ATTORNEY FOR APPELLEE:

**AMY K. NOE**
Richmond, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| IN THE MATTER OF THE ADOPTION OF T.G.; ) <br> D.G., ) <br> ) <br>      Appellant, ) <br> ) <br>        vs. ) <br> ) <br> M.C., ) <br> ) <br>      Appellee. ) | No. 89A04-1305-AD-260 |

APPEAL FROM THE WAYNE SUPERIOR COURT
The Honorable Gregory A. Horn, Judge
Cause No. 89D02-1208-AD-23

**January 30, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

This Court accepted jurisdiction of an interlocutory appeal by D.G., the biological father of T.G., challenging an order dispensing with his consent to the adoption of T.G. He presents a single issue for review: whether there was sufficient evidence to support the trial court's determination that D.G.'s consent is not required, pursuant to Indiana Code Section 31-19-9-8(2), which obviates the necessity of consent by a parent who, when able to do so, for at least one year, has failed to provide for the care and support of his child who is in the custody of another person. We affirm.

**Facts and Procedural History**

M.R.C. ("Mother") gave birth to T.G. in 2007. At that time, Mother and D.G. lived together. They executed a paternity affidavit naming D.G. as T.G.'s biological father. The couple separated in December of 2009 and reached an informal agreement that D.G. would pay $70.00 weekly to Mother as child support for T.G.'s benefit. D.G. paid child support sporadically, but regularly exercised parenting time with T.G.

Mother married and, on August 22, 2012, her husband ("Stepfather") petitioned to adopt T.G. D.G. contested the adoption. On January 9, 2013, the trial court heard evidence relative to the necessity of D.G.'s consent to Stepfather's adoption of T.G. At the hearing, Mother testified that D.G. had failed to provide any support for T.G. during the entire calendar year of 2010. At the conclusion of the hearing, the trial court entered an order providing that D.G.'s consent to the adoption was not required.

D.G. successfully sought a stay of the proceedings and the trial court's certification of

its interlocutory order. On July 8, 2013, this Court accepted jurisdiction of the interlocutory appeal.

**Discussion and Decision**

Standard of Review

Stepfather was required to prove by clear and convincing evidence that D.G.'s consent was not required. In re Adoption of T.W., 859 N.E.2d 1215, 1217 (Ind. Ct. App. 2006). However, on appeal of a ruling in an adoption case, the appellant bears the burden of showing that the decision was incorrect and "we will not disturb the ruling unless the evidence leads to only one conclusion and the probate court reached an opposite conclusion." In re Adoption of A.S., 912 N.E.2d 840, 851 (Ind. Ct. App. 2009), trans. denied. We do not reweigh the evidence but will examine the evidence most favorable to the court's decision together with reasonable inferences drawn therefrom in order to determine whether sufficient evidence exists to sustain the decision. Id.

Analysis

Stepfather alleged, and the court found, that D.G.'s consent was unnecessary pursuant to Indiana Code Section 31-19-9-8(a), which provides that consent to adoption is not required from:

> (2) A parent of a child in the custody of another person if for a period of at least one (1) year the parent:
>     (A) fails without justifiable cause to communicate significantly with the child when able to do so; or
>     (B) knowingly fails to provide for the care and support of the child when able to do so as required by law or judicial decree.

> Subsection (b) also provides: "If a parent has made only token efforts to support or to

3

communicate with the child the court may declare the child abandoned by the parent." Here, the trial court also declared T.G. abandoned upon concluding that D.G. had "at best" made token payments in 2010.

Because D.G. contested the adoption, Stepfather as the petitioner was required to prove by clear and convincing evidence that Father's consent was not required. In re Adoption of D.C., 928 N.E.2d 602, 606 (Ind. Ct. App. 2010), trans. denied; In re Adoption of M.A.S., 815 N.E.2d 216, 219 (Ind. Ct. App. 2004). The provisions of Indiana Code Section 31-19-9-8(a) are disjunctive; as such, either provides independent grounds for dispensing with parental consent. Id. Regardless of which provision is relied upon, adoption is to be granted only if it is in the best interests of the child. Ind. Code § 31-19-11-1(a).

A mere showing that a parent has a regular income, standing alone, is not sufficient to indicate parental ability to provide support. In re Adoption of N.W., 933 N.E.2d 909, 913 (Ind. Ct. App. 2010), adopted on transfer, 941 N.E.2d 1042 (Ind. 2011). To determine the ability to pay, it is necessary to consider the totality of the circumstances. In re Adoption of M.A.S., 815 N.E.2d 216, 221 (Ind. Ct. App. 2004).

D.G. acknowledges that he had a common law duty to support his child, despite the absence of a court order. See Boone v. Boone, 924 N.E.2d 649, 652 (Ind. Ct. App. 2010) ("it is well-settled that parents have a common law duty to support their children"). He also concedes that he did not regularly provide support to T.G. in the amount of $70.00 weekly as contemplated by the parties' agreement. However, he directs our attention to his testimony that he paid $500 in 2010 (in contrast to Mother's testimony that he paid nothing) and further

suggests that the statutory year of nonsupport must have occurred in the time immediately preceding the filing of the petition for adoption.

Recently, a panel of this Court has rejected the contention that the relevant timeline of nonsupport found in Indiana Code section 31-19-9-8(a)(2)(B) is the year preceding the hearing on the petition:

> While the abandonment ground requires that the abandonment have occurred in the time immediately preceding the filing of the petition for adoption, there is no such requirement for the failure to support ground.
>
> In fact, the plain language of the statute indicates that the relevant time period is any one year period in which the parent was required and able to support the child but failed to do so. See Ind. Dep't of Human Servs. v. Firth, 590 N.E.2d 154, 157 (Ind. Ct. App. 1992) ("We presume words appearing in the statute were intended to have meaning and we endeavor to give those words their plain and ordinary meaning absent a clearly manifested purpose to do otherwise.") (citation omitted), trans. denied. While subsection (a)(1) of the statute references the six months "immediately preceding the date of the filing of the petition," subsection (a)(2) only references "a period of at least one (1) year." Ind. Code § 31-19-9-8. Clearly, the legislature knows how to apply the requirements to only a limited time period, but chose not to do so for the failure to support ground.

In re Adoption of J.T.A., 988 N.E.2d 1250, 1254-55 (Ind. Ct. App. 2013) (emphasis in original), trans. denied.

Mother testified that she received no money from D.G. in 2010; she further testified that D.G. did not provide material items such as clothes. D.G. emphasizes his testimony that he provided up to $500.00 in 2010. The trial court found Mother's testimony credible, and observed that, even if D.G. had paid $500.00 in 2010, it was a token amount.[1]

---

[1] On this basis, the trial court alternatively declared T.G. abandoned. However, the statutory criteria for abandonment was not met, in that consent is obviated on abandonment grounds "if the child is adjudged to have been abandoned or deserted for at least six (6) months immediately preceding the date of the filing of the

5

As for D.G.'s ability to provide support, he testified that he was employed by Direct TV, working alongside his father pursuant to a contract, in January of 2010. He lost that job in February of 2010 and had thereafter acquired part-time work and "side jobs." (Tr. 30.) He further testified that he was trained as a firefighter and an EMT and "might make $200" for a weekend event, out of which he was able to set aside $100 to give to Mother. (Tr. 41.) See In re Adoption of K.F., 935 N.E.2d 282, 288 (Ind. Ct. App. 2010) (recognizing that parent's admission is evidence of ability to pay).

The evidence most favorable to the trial court's determination is that D.G. made two child support payments in 2009, paid no child support in 2010 – even when he was fully employed in January – and thereafter made payments in 2011, first sporadically and then regularly commencing in May. At the same time, D.G. was qualified to work on a fire-truck and an ambulance. The evidence is sufficient to show, by clear and convincing evidence, that D.G. knowingly failed to provide for the care and support of T.G. for one year, when he was able to do so.

Stepfather met his burden of showing that D.G.'s consent to adoption was not required.

Affirmed.

FRIEDLANDER, J., and KIRSCH, J., concur.

---

petition for adoption." Ind. Code § 31-19-9-8(a)(1). Stepfather's petition for adoption was filed in 2012 and D.G. allegedly made token payments in 2010.