# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 16 2019, 7:11 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Dylan A. Vigh
Law Offices of Dylan A. Vigh, LLC
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Glen E. Koch II
Boren, Oliver, & Coffey, LLP
Martinsville, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

M.C.,

*Appellant-Respondent,*

v.

A.B.,

*Appellee-Petitioner*

January 16, 2019

Court of Appeals Case No.
18A-AD-1552

Appeal from the Morgan Superior Court

The Honorable Peter R. Foley, Judge

Trial Court Cause No.
55D01-1607-AD-81
55D01-1607-AD-82
55D01-1607-AD-83

**May, Judge.**

[1] M.C. ("Mother") appeals the trial court's conclusion that her consent was not required for A.B. ("Stepmother") to adopt C.B., Ma.B., and My.B. (collectively, "Children"). We affirm.

## Facts and Procedural History

[2] Children were born of the marriage between Mother and R.B. ("Father"). Mother and Father divorced in 2015. Father was awarded primary physical and legal custody of Children, and Mother was allowed parenting time once a week for six hours. On July 30, 2015, Father asked the trial court to order Mother to submit to hair follicle drug testing, which the trial court ordered. On August 5, 2015, Mother filed a motion to modify child support. Thereafter, Father filed three motions for contempt based on Mother's non-payment of child support and failure to submit to the hair follicle drug test. Father married Stepmother on October 15, 2015.

[3] The trial court set a hearing to address all pending issues for November 17, 2015. Mother did not appear at that hearing, and the trial court took no action on her motion. The trial court discontinued Mother's parenting time based on Father's contempt allegations. Instead, Mother was permitted contact with Children via Skype.

[4] On March 2, 2016, Mother retained counsel and filed a request for a hearing to address the reimplementation of her parenting time with Children. After multiple continuances, the trial court scheduled a review hearing on the matter

for October 18, 2016. The trial court later vacated that hearing because, on July 27, 2016, Stepmother filed petitions[1] to adopt Children.

[5] On February 10 and June 2, 2017, the trial court held hearings on Stepmother's adoption petition to determine if Mother's consent to Children's adoption was required. Stepmother alleged in her adoption petition that Mother's consent was not required because Mother did not support Children for a period of one year, from July 27, 2015, through September 11, 2016.[2] The trial court took the matter under advisement, and on August 9, 2017, issued an order concluding Mother's consent was not required for Stepmother's adoption of Children. The trial court certified the order for interlocutory appeal, and Mother filed a request for interlocutory appeal with this court. We denied that request on November 13, 2017.

[6] On March 22, 2018, the trial court held a final hearing on Stepmother's adoption of Children. On June 11, 2018, the trial court granted Stepmother's petition to adopt Children.

# Discussion and Decision

---

[1] Stepmother originally filed three separate adoption petitions, one for each child. The trial court later consolidated those petitions into one proceeding.

[2] Mother testified she made her first child support payment on September 13, 2016. At that time Mother paid $360.00. (*See* Tr. Vol. II at 11.) Mother has not provided this court with evidence she has made any additional child support payment since that date.

[7]     We will not disturb a decision in an adoption proceeding unless the evidence leads to but one conclusion and the trial judge reached an opposite conclusion. *In re Adoption of M.A.S.*, 815 N.E.2d 216, 218 (Ind. Ct. App. 2004). We will not reweigh the evidence or judge the credibility of witnesses. *Id.* Instead we examine the evidence most favorable to the decision together with reasonable inferences drawn therefrom to determine whether there is sufficient evidence to sustain the decision. *Id.* The decision of the trial court is presumed correct, and it is the appellant's burden to overcome that presumption. *Id.*

[8]     When, as here, the trial court *sua sponte* enters findings of fact and conclusions of law pursuant to Indiana Trial Rule 52(A), we apply a two-tiered standard of review. *In re Adoption of A.S.*, 912 N.E.2d 840, 851 (Ind. Ct. App. 2009), *trans. denied*. First, we determine whether the evidence supports the findings and second, whether the findings support the trial court's conclusions. *Id.* The trial court's findings or conclusions will be set aside only if they are clearly erroneous. *Id.* A finding of fact is clearly erroneous if the record lacks evidence or reasonable inferences from the evidence to support it. *Id.* Issues on which the trial court makes no findings will be reviewed as a general judgment. *C.B. v. B.W.*, 985 N.E.2d 340, 344 (Ind. Ct. App. 2013), *trans. denied*. A "general judgment will be affirmed if it can be sustained upon any legal theory by the evidence introduced at trial." *Id.*

[9]     Generally, courts may not grant a petition for adoption without the consent of the child's biological parents. Ind. Code § 31-19-9-1(a). There are, however, exceptions to that general rule. The exception at issue herein provides:

(a) Consent to adoption, which may be required under section 1 of this chapter, is not required from any of the following:

* * * * *

(2) A parent of a child in the custody of another person if for a period of at least one (1) year the parent:

* * * * *

(B) knowingly fails to provide for the care and support of the child when able to do so as required by law or judicial decree.

Ind. Code § 31-19-9-8(a)(2)(B) (2016). When considering whether a parent has knowingly failed to support a child for one year, we note "the relevant time period is not limited to either the year preceding the hearing or the year preceding the petition for adoption, but is any year in which the parent had an obligation and the ability to provide support, but failed to do so." *In re Adoption of J.T.A.*, 988 N.E.2d 1250, 1255 (Ind. Ct. App. 2013), *reh'g denied, trans. denied*.

[10] Here, Stepmother alleged Mother's consent to Stepmother's adoption of Children was not required because Mother did not provide financial support for Children for a period of one year between July 27, 2015, through September 11, 2016. In its order regarding whether Mother's consent was required for adoption, the trial court found:

7. Pursuant to the [Dissolution] Decree, Mother was to pay Father the sum of $89.00 per week for child support.

\* \* \* \* \*

11.  Mother failed to pay any child support from the date of the final hearing on July 27, 2015, until Mother made her first child support payment on September 11, 2016[.]

12.  From July 27, 2015 to September 11, 2016, Mother made no direct child support payments to Father.

13.  From July 27, 2015 to September 11, 2016, Mother made no non-monetary contributions to Father or on behalf of the minor children.  Mother received only supervised parenting time for a few hours per week.

14.  From July 27, 2015 to September 11, 2016, Mother did not provide non-monetary gifts to Father for the benefit of the minor children.

15.  During the time period of July 27, 2015, to September 11, 2016, Mother had the ability to work and was not disabled. Mother offered evidence that she suffered from mental health conditions and/or alcoholism during this time period.  Despite these alleged conditions, Mother was able to purchase cell phones, cigarettes, alcohol, pay rent, pay utilities, buy food for herself, buy clothing for herself, provide transportation for herself, and maintain a pet.  Mother went out with friends three or more times a week and drank alcohol.  Mother was able to "hustle" or otherwise support her lifestyle all without working.

16.  Mother has failed to provide the Court any professional or expert support for her argument that her mental health issues and/or alcoholism prevented her from working and/or from providing support for her children.  Mother did not provide any medical psychological diagnosis nor did she provide any

professional opinion on her ability to work. As outlined in Paragraph 15 above, despite Mother's drinking and mental health, she was able to support herself and provide for her own necessities of life without working.

17. At some point in the Spring of 2016, Mother enrolled in an apprenticeship program to be a mason and was able to work. Mother claims her apprenticeship was unpaid at first [and] that the Mother commenced paying child support after she began to receive paychecks. Whether paid or not, Mother's enrollment in the apprenticeship program suggests an ability to work and Mother voluntarily enrolled in an unpaid apprenticeship program (which the Court recognizes may have long-term financial benefits) rather than securing a job that would provide immediate income and allow her to fulfill her legal obligations on behalf of her children.

18. Mother was voluntarily unemployed and underemployed.

(App. Vol. III at 7.) Based thereon, the trial court concluded Mother "failed to pay child support for a period of one (1) year, namely during the period of July 27, 2015, through September 11, 2016. Mother's consent to the adoption of her minor children is not necessary." (*Id.* at 9.)

[11] On appeal, Mother argues Stepmother did not demonstrate Mother had the ability to provide for Children but failed to do so. Specifically, she challenges Finding 15, which indicates Mother was able to support herself during the relevant time period. Mother contends she depended on her mother and various non-profit and government services to survive. However, Mother testified that she worked a few short term jobs during the relevant time period,

and her Facebook page indicated she frequently socialized with friends and was able to help friends with manual labor without pay. Mother's arguments are invitations for us to reweigh the evidence, which we cannot do. *See Matter of Adoption of A.M.K.*, 698 NE.2d 845, 847 (Ind. Ct. App. 1998) (affirming trial court's decision that father's consent to child's adoption was not required because father did not support child for one year, during which he was voluntarily unemployed), *trans. denied*.

# Conclusion

[12] The evidence supported the trial court's findings and conclusions that Mother's consent to Children's adoption by Stepmother was not required because Mother had not supported Children for a period of one year. Accordingly, we affirm.

[13] Affirmed.

Baker, J., and Tavitas, J., concur.