ATTORNEYS FOR APPELLANT
Timothy E. Stucky
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE
Earl Raskosky
Fort Wayne, Indiana

# In the
# Indiana Supreme Court



FILED
Mar 11 2014, 12:43 pm

CLERK
of the supreme court,
court of appeals and
tax court

No. 02S03-1308-AD-528

IN RE ADOPTION OF T.L. AND T.L.;

M.G.,

*Appellant (Respondent below),*

v.

R.J. AND E.J.,

*Appellees (Petitioners below).*

Appeal from the Allen Superior Court
Nos.    02D07-1110-AD-155
02D07-1110-AD-156
The Honorable Charles F. Pratt, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 02A03-1208-AD-367

**March 11, 2014**

**Massa, Justice.**

M.G. ("Father") challenges the trial court's ruling that his consent to the adoption of his children by their mother's new husband was not required pursuant to Indiana Code § 31-19-9-

8(a)(2)(B) (2008). Because we find the evidence in the record sufficient to support the trial court's decision, we affirm the order of adoption.

## Facts and Procedural History

Father has two children with R.J. ("Mother"), and she has physical custody of them. In May 2002, the court ordered Father to pay child support of $30 per week retroactive to November 28, 2001, the date the support petition was filed. In December 2004, that amount was increased to $106 per week, retroactive to February 25, 2004, to account for the second child. The record shows Father paid only $390 total in support: $290 on November 19, 2002 and $100 on May 18, 2005. Father has been incarcerated for most of the past eight years; during a brief period of freedom, he was unemployed.

In January 2011, Mother married her long-time boyfriend, E.J. On October 28, they petitioned for E.J. to adopt the children. Father opposed the adoptions, but after a hearing[1] at which he appeared with counsel, the trial court granted both petitions. In its orders, which contained both findings of fact and conclusions of law, the trial court cited a statute that provides a parent's consent to an adoption is not required if that parent "knowingly fails to provide for the care and support of the child when able to do so as required by law or judicial decree." Ind. Code § 31-19-9-8(a)(2)(B). That judgment was entered on the chronological case summary on July 13, 2012. The clerk issued notice of the trial court's order to Father's attorney on July 17, 2012. Father's counsel forwarded the notice to Father along with a letter withdrawing representation and informing Father he would have to pursue any appeal on his own.

---

[1] Although the adoption petitions were filed under separate cause numbers, the trial court addressed them both in a single hearing. (See Tr.) The court disposed of the petitions in two separate orders, which were filed the same day and contain very similar findings and conclusions. (App. at 1–8.)

After losing his case and his lawyer, Father was transferred to Westville Correctional Facility, where he had access to neither a law library nor the forms and instructions required to perfect an appeal. Instead, he composed a letter entitled "Response to Petition for Adoption" and mailed it on August 13, 2012—exactly 30 days after the entry of judgment, meaning had it been a proper Notice of Appeal, it would have been timely filed. Ind. Appellate Rule 9(A)(1). In the letter, Father set forth his intent to appeal the trial court decision but noted his attorney was no longer willing to represent him. He requested a new attorney and a thirty-day extension to file a Notice of Appeal. Although the letter did not contain all the information required by Appellate Rule 9, the trial court nonetheless treated it as a Notice of Appeal and appointed Father new counsel. That counsel filed an Amended Notice of Appeal on August 23, 2012 that was promptly served on petitioners' counsel.

On November 26, Father timely filed his Appellant's Brief and Appendix. Mother and E.J. moved to dismiss Father's appeal as untimely, but they also filed an Appellee's Brief on the merits of the case. Our Court of Appeals granted the motion to dismiss in an unpublished summary order and denied Father's subsequent petition for rehearing. In re Adoption of T.L., No. 02A03-1208-AD-367 (Ind. Ct. App. Jan. 22, 2013) (order granting motion to dismiss); In re Adoption of T.L., No. 02A03-1208-AD-367 (Ind. Ct. App. Apr. 23, 2013) (order denying rehearing).

Father sought transfer, arguing the Court of Appeals should have addressed his appeal on the merits in spite of its procedural defects because it involves his constitutional right to parent his children. We granted transfer.[2] In re Adoption of T.L., 992 N.E.2d 207 (Ind. 2013) (table); Ind. Appellate Rule 58(A).

---

[2] We have stated "our appellate rules 'exist to facilitate the orderly presentation and disposition of appeals.'" Miller v. Dobbs, 991 N.E.2d 562, 565 (Ind. 2013) (quoting Boostrom v. Bach, 622 N.E.2d 175, 176 (Ind. 1993)), and our Court of Appeals has noted "[w]e are mindful that our procedural rules

3

## Standard of Review

"When reviewing the trial court's ruling in an adoption proceeding, we will not disturb that ruling unless the evidence leads to but one conclusion and the trial judge reached an opposite conclusion." Rust v. Lawson, 714 N.E.2d 769, 771 (Ind. Ct. App. 1999). We presume the trial court's decision is correct, and we consider the evidence in the light most favorable to the decision. Id. at 771–72.

When, as in this case, the trial court has made findings of fact and conclusions of law, we apply a two-tiered standard of review: "we must first determine whether the evidence supports the findings and second, whether the findings support the judgment." In re Adoption of T.W., 859 N.E.2d 1215, 1217 (Ind. Ct. App. 2006); see also Ind. Trial Rule 52(A) (providing that where the trial court has made findings of fact and conclusions of law, "the court on appeal shall not set aside the findings or judgment unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses."). Factual findings "are clearly erroneous if the record lacks any evidence or reasonable inferences to support them [and] . . . a judgment is clearly erroneous when it is unsupported by the findings of fact and the conclusions relying on those findings." T.W., 859 N.E.2d at 1217.

---

'are merely means for achieving the ultimate end of orderly and speedy justice.'" State v. Monserrate, 442 N.E.2d 1095, 1097 (Ind. 1982) (quoting Am. States Ins. Co. v. Jennings, 258 Ind. 637, 640, 283 N.E. 2d 529, 531 (1972)). "The Fourteenth Amendment to the United States Constitution protects the traditional right of parents to establish a home and raise their children." Bester v. Lake Cnty. Office of Family & Children, 839 N.E.2d 143, 147 (Ind. 2005). When such substantial rights are at issue before the Court, we have often preferred to decide cases on their merits rather than dismissing them on procedural grounds. See In re K.T.K., 989 N.E.2d 1225, 1229 (Ind. 2013) (proceeding to a merits determination even though the appeal of a trial court's amended order was not timely filed); In re D.L., 952 N.E.2d 209, 212–14 (Ind. Ct. App. 2011) (proceeding to a merits determination although the notice of appeal only contained a request that counsel be appointed and did not comply with Appellate Rule 9(F)). Because of the importance surrounding an individual's right to parent his children, we deny the Appellees' Motion to Dismiss and proceed to the merits of Father's claim.

## The Trial Court's Decision Was Not Clearly Erroneous

Father argues petitioners failed to prove, by clear and convincing evidence, that he was able to support his children but failed to do so such that his consent to the adoption was not required. Indiana law provides a parent's consent to adoption is not required "if for a period of at least one (1) year the parent . . . knowingly fails to provide for the care and support of the child when able to do so as required by law or judicial decree." Ind. Code § 31-19-9-8(a)(2). The burden to prove this statutory criterion is satisfied by clear and convincing evidence rests squarely upon the petitioner seeking to adopt. See In re Adoption of M.A.S., 815 N.E.2d 216, 220 (Ind. Ct. App. 2004).[3]

Here, the trial court found the following facts: although Father has been under a support order since 2002, and the most recent support order was imposed in December 2004, Father has made only two payments totaling $390 in that entire time. He made no payments at all after May 18, 2005. Based on that evidence, the trial court found Father "knowingly failed to provide for the care and support of the child[ren] when able to do so as required by law or judicial decree."

---

[3] For many years, precedent from our Court of Appeals required a party to prove the statutory criteria for dispensing with consent to adoption by "clear, cogent, and indubitable evidence." In re Bryant, 134 Ind. App. 480, 493, 189 N.E.2d 593, 600 (1963). However, as the M.A.S. Court noted, the legislature amended Ind. Code § 31-19-9-8(a) in 2003, namely section 11 which provides that consent to an adoption will not be required from a parent if "a petitioner for adoption *proves by clear and convincing evidence that the parent is unfit to be a parent.*" (emphasis added). If we continue to follow the "clear, cogent, and indubitable" standard, a petitioner wishing to show a parent has failed to support their child for a period of one year (under Ind. Code § 31-19-9-8(a)(2)) would have to do so by clear, cogent, and indubitable evidence, while a petitioner wishing to show a parent is unfit (under Ind. Code § 31-19-9-8(a)(11)) would have to do so by clear and convincing evidence. As the M.A.S. panel noted, "[t]he legislature could not have intended such a result." M.A.S. 815 N.E.2d at 220. Thus, we adopt the view held by the M.A.S. panel that petitioners for adoption must prove by clear and convincing evidence that a parent's consent to adoption is not required under Ind. Code § 31-19-9-8(a)(2).

Father contends he did not pay because he was incarcerated, but as we have said before, "we cannot imagine that the legislature intended for incarcerated parents to be granted a full reprieve from their child support obligations while their children are minors . . . Moreover, adopting such a position would cut against the established common law tradition that has long held parents responsible for the support of their offspring." Lambert v. Lambert, 861 N.E.2d 1176, 1179 (Ind. 2007). Accordingly, we employ the "non-imputation approach" to determine the child support obligation of incarcerated parents which requires that child support orders reflect the "real financial capacity of a jailed parent." Id. at 1181. This approach preserves our tradition of responsibility by imposing at least a minimal level of support in compliance with Indiana Child Support Guideline 2 without ignoring the realities of incarceration. Id.

Father testified he attempted to modify his child support order while in prison; his first petition for modification was filed in 2005 and the second in 2008. Both petitions were still pending at the time of the adoption hearing. However, when Father was a free man and not paying support, he did not seek a modification—likely because, as Father testified, he and Mother agreed he did not have to pay child support "as long as [he] was in the kids' life and [he] was participating within their life." Tr. at 23. However, "[i]t has long been established by this Court that '[a]ny agreement purporting to contract away these [child support] rights is directly contrary to this State's public policy of protecting the welfare of children.'" Perkinson v. Perkinson, 989 N.E.2d 758, 762 (Ind. 2013) (quoting Straub v. B.M.T., 645 N.E.2d 597, 600 (Ind. 1994)). Thus, Father was bound by the child support orders despite his purported agreement with Mother.

What is more, Father testified he was not incarcerated until November 2004.[4] Thus, approximately two years elapsed between his first child support payment of $290 on November

---

[4] Father states he has been "incarcerated from approximately the end of November 2004 through 2008 and then again incarcerated in 2008." Appellant's Br. at 5. The length of Father's period of freedom in 2008 is not in the record.

6

19, 2002 and his incarceration—two years in which he made no further support payments. His second and final support payment of $100 was made on May 18, 2005—fifteen months after the most recent child support modification and while he claims he was in prison. Thus, Father's own actions demonstrate (1) he has not been incarcerated during the entire duration of the support order and (2) even while he was incarcerated, he was able to pay at least some support.

Based on Father's history of payment (and non-payment), we cannot say the trial court's finding that Father was able to pay at least some support while incarcerated but chose not to do so was unsupported by the evidence. Therefore, it was not clearly erroneous. That finding supports the trial court's judgment that Father's consent to the adoption was not required under Indiana law; thus, the judgment is also not clearly erroneous, and we must affirm.

## Conclusion

We therefore deny Appellees' motion to dismiss this appeal and affirm the trial court's order granting the petition for adoption.

Dickson, C.J., and Rucker, David, and Rush, J.J., concur.

7