## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 03 2016, 8:10 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Jaimie L. Cairns
Cairns & Rabiola, LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Polli A. Pollem
Jamie Devine
Crystal Francis
Indiana Legal Services, Inc.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In Re the Adoption of S.Z., | February 3, 2016 |
| R.W. | Court of Appeals Cause No. 49A05-1504-AD-163 |
| *Appellant-Petitioner,* | Appeal from the Marion Superior Court |
| v. | The Honorable Steven R. Eichholtz, Judge |
| C.G., | Trial Court Cause No. 49D08-1311-AD-40201 |
| *Appellee-Respondent.* | |

**Barnes, Judge.**

## Case Summary

[1] R.W. ("Uncle") appeals the trial court's denial of his petition to adopt S.Z. We reverse and remand.

## Issue

[2] Uncle raises one issue, which we restate as whether the trial court properly found that the consent of S.Z.'s mother to the adoption was required.

## Facts

[3] S.Z. was born in October 2009 to C.G. ("Mother") and her husband, D.O. ("Father"). Prior to S.Z.'s birth, Mother and Father moved in with Uncle and lived there until June 2010. At that time, Mother and Father moved to Lafayette and left S.Z. in Uncle's care. Ultimately, Mother and Father consented to Uncle having guardianship of S.Z., which was formally established in November 2010. S.Z. has been in Uncle's care since that time. S.Z. is deaf in her right ear, and Uncle has facilitated various medical treatments and therapies to assist her.

[4] Mother and Father later separated and divorced. Mother applied for service-related disability with the Department of Veteran Affairs, and in mid-2012, she was awarded sixty percent service-connected disability compensation of $1,200 per month. Mother remarried in August 2013, and Mother and her husband live in a rented three-bedroom home in Lafayette.

On November 1, 2013, Uncle filed a petition to adopt S.Z. Mother filed an objection and a motion to terminate the guardianship. On February 23, 2015, the trial court held an evidentiary hearing regarding whether Mother's consent to the adoption was required. Uncle argued that Mother abandoned S.Z., that Mother failed to communicate significantly with S.Z., and that Mother failed to support S.Z. when able to do so. The trial court denied Uncle's petition to adopt S.Z. after finding that Mother's consent was required and had not been obtained. Specifically, the trial court found that Mother had not abandoned S.Z., that mother "has had regular though infrequent contacts, phone calls and visits with S.Z.," and that "the evidence offered does not show Mother had the ability to pay support." Appellant's App. p. 14. Uncle now appeals.

## Analysis

Uncle argues that the trial court erred when it concluded that Mother's consent to the adoption was necessary. When reviewing a trial court's ruling in an adoption proceeding, we will not disturb that ruling unless the evidence leads to but one conclusion and the trial court reached an opposite conclusion. *In re Adoption of M.A.S.*, 815 N.E.2d 216, 218 (Ind. Ct. App. 2004). We will not reweigh the evidence but instead will examine the evidence most favorable to the trial court's decision together with reasonable inferences drawn therefrom to determine whether sufficient evidence exists to sustain the decision. *Id.* at 218-19. The decision of the trial court is presumed to be correct, and it is the appellant's burden to overcome that presumption. *Id.* at 219.

[7] When, as in this case, the trial court has made findings of fact and conclusions thereon at the request of the parties, we apply a two-tiered standard of review: "we must first determine whether the evidence supports the findings and second, whether the findings support the judgment." *In re Adoption of T.L.*, 4 N.E.3d 658, 662 (Ind. 2014). Factual findings "are clearly erroneous if the record lacks any evidence or reasonable inferences to support them [and] . . . a judgment is clearly erroneous when it is unsupported by the findings of fact and the conclusions relying on those findings." *Id.*

[8] Uncle only appeals the trial court's finding that he failed to prove Mother did not provide support for S.Z. when able to do so. Generally, a trial court may only grant a petition to adopt a child born in wedlock who is less than eighteen years of age if "each living parent" consents to the adoption. Ind. Code § 31-19-9-1. Indiana Code Section 31-19-9-8(a)(2)(B) provides that consent to adoption is not required from: "A parent of a child in the custody of another person if for a period of at least one (1) year the parent . . . knowingly fails to provide for the care and support of the child when able to do so as required by law or judicial decree."

[9] Indiana law imposes a duty upon a parent to support his or her children. *M.A.S.*, 815 N.E.2d at 220. This duty exists apart from any court order or statute. *Id.* Consequently, even though Mother was not court-ordered to pay child support, she still had a duty to support S.Z. A petitioner for adoption must also show that the noncustodial parent had the ability to make the payments that he or she failed to make. *Id.* That ability cannot be adequately

shown by proof of income standing alone. *Id.* To determine that ability, it is necessary to consider the totality of the circumstances. *Id.*

[10]     Uncle first argues that several of the trial court's findings of fact were erroneous and that the trial court's ultimate conclusion that Mother's consent was required is clearly erroneous. The trial court found that Mother provided "little if any financial support" and that Mother "did not pay regular child support." Appellant's App. pp. 12, 14. According to Uncle, the evidence shows that Mother made no financial contributions whatsoever to support S.Z. We note that the trial court also made findings that "Mother has not provided financial support from the time she left Uncle's home in June of 2010." *Id.* at 12. Some of the trial court's findings are confusing as to whether Mother provided any financial support, but it is clear from the evidence and the totality of the trial court's findings that Mother, in fact, provided no financial support after leaving S.Z. with Uncle. She apparently did provide S.Z. with token amounts of clothing and toys on two or three occasions, but never provided any actual financial support. *See, e.g., Irvin v. Hood*, 712 N.E.2d 1012, 1013 (Ind. Ct. App. 1999) (holding that the father had failed to support his child despite the fact that he provided six items of clothing for the child and some food during the child's visits with the paternal grandparents); *M.A.S.*, 815 N.E.2d at 220 n.1 (holding that the father's occasional provision of groceries, diapers, formula, clothing, presents, and cash did not qualify as support). To the extent that the trial court's findings indicate that S.Z. provided any financial support, they are clearly erroneous.

[11] Next, Uncle argues that the trial court's findings regarding Mother's income were erroneous. The trial court found that "Mother did not have income from June 2010, when she left S.Z. in Uncle's care to early 2012, when she started receiving VA disability benefits." *Id.* at 14. According to Uncle, the evidence indicates that Mother was receiving unemployment benefits until sometime in 2011. Mother concedes that she did receive unemployment benefits during this time period. Whether from her military service or some other job, it is clear that she received unemployment benefits. Thus, the trial court's finding is clearly erroneous.

[12] Finally, Uncle argues that the trial court's findings regarding Mother's marijuana usage were erroneous. The trial court found that "[t]he frequency of [Mother's] marijuana usage was not clear, though Uncle detailed a couple of times when he was concerned by it." Appellant's App. p. 12. At the February 2015 evidentiary hearing, Mother testified that she had stopped smoking marijuana "over a year" before the hearing and that, prior to that time, she smoked it once or twice a day. Tr. pp 28-29. Mother testified that she purchased the marijuana from a friend. Uncle is correct that Mother's testimony regarding the frequency of her marijuana usage was clear, and the trial court's finding is clearly erroneous.

[13] Uncle also challenges the trial court's conclusion that he failed to show Mother had the ability to pay support. The trial court concluded: "The fact that Mother received disability income does not establish a willful failure to pay support[.] [T]he court finds that the evidence offered does not show Mother had the ability

to pay support." Appellant's App. p. 14. Uncle correctly points out that the trial court used the wrong standard. The statute does not require a "willful failure" to pay support. *Id.* Rather, the statute requires a showing that Mother "for a period of at least one (1) year the parent . . . *knowingly* fails to provide for the care and support of the child when able to do so as required by law or judicial decree." I.C. § 31-19-9-8(a)(2)(B) (emphasis added). Earlier in its order, the trial court properly quoted the "knowingly" standard rather than the erroneous "willful" standard. Appellant's App. p. 13, 14. However, in making its conclusions, the trial court seems to have applied the stricter "willful" standard, which required Uncle to meet an enhanced burden.

[14] As for whether Mother had the ability to pay support, Mother argues that Uncle failed to meet his burden because he did not present evidence of Mother's income compared to her expenses and failed to demonstrate that she was able to pay. Uncle counters that a "dollar-for-dollar accounting of Mother's expenses" is not required. Appellant's Reply Br. p. 6.

[15] We addressed a similar situation in *In re Adoption of J.L.J.*, 4 N.E.3d 1189 (Ind. Ct. App. 2014), *trans. denied*. There, the biological father of twins was found to have failed to provide support for the twins for at least a year despite his ability to do so. The father had never been employed and his only source of income had been Social Security disability payments. Evidence was presented that the father was able to afford his own residence in Benton Harbor, Michigan, he had funds to purchase cigarettes, and he was able to travel back and forth between Benton Harbor and South Bend. We noted that, "[w]hile it is true that

Guardian did not offer documentation of Father's financial resources, we must consider the totality of the circumstances in determining the ability of a parent to support his child." *J.L.J.*, 4 N.E.3d at 1195. Although the guardian may not have documented the father's actual income, we concluded there was sufficient evidence that the father, "although apparently capable of financing his own independent living," failed to provide for the twins to the best of his ability. *Id.* at 1197.

[16] We reached a similar result in *In re Adoption of M.S.*, 10 N.E.3d 1272 (Ind. Ct. App. 2014). There, the mother contended that she was unable to pay support due to the loss of her pet grooming and boarding business and her medical issues. We noted that, despite the mother's illness, she was able to work, she lived in a house purchased by her mother, she redecorated the house, and she was able to support multiple pets. We concluded that the trial court properly found the mother had the ability to pay support and that her consent to the adoption was unnecessary.

[17] Here, Uncle presented evidence that Mother was receiving $1,200 per month in disability benefits, that Mother's husband was employed at a liquor store, that their rent was $450 per month, and that they also had expenses for electricity, heat, cable, cell phones, and vehicle insurance. Although Mother's disability rating was sixty percent, she does not work. Uncle points out that Mother had funds to purchase marijuana but did not pay any support for her daughter. Given the trial court's erroneous findings and application of the incorrect standard, we conclude that its conclusion regarding Mother's ability to pay

support is clearly erroneous. Uncle presented clear and convincing evidence that Mother had the ability to pay at least some minimal support for S.Z.

[18] It was undisputed that Mother failed to provide for S.Z.'s care or support for over one year. We conclude that the trial court's conclusion regarding Mother's ability to pay is clearly erroneous. Consequently, Mother's consent to Uncle's adoption of S.Z. was unnecessary. Because the trial court found that Mother's consent was required, it did not reach a determination as to whether the adoption is in S.Z.'s best interest. *See* Ind. Code § 31-19-11-1 (noting that the probate court "shall grant the petition for adoption and enter an adoption decree" if the court hears evidence and finds, in part, that "the adoption requested is in the best interest of the child" and "proper consent, if consent is necessary, to the adoption has been given"). We remand for proceedings to determine whether the adoption is in S.Z.'s best interest.

## Conclusion

[19] The trial court's finding that Mother's consent to Uncle's petition to adopt S.Z. was required is clearly erroneous. We reverse and remand for further proceedings consistent with this opinion.

[20] Reversed and remanded.

Robb, J., and Altice, J., concur.