## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 23 2018, 10:13 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Erin L. Berger
Evansville, Indiana

ATTORNEYS FOR APPELLEE

Allyson R. Breeden
Molly E. Briles
Ziemer, Stayman, Weitzel &
Shoulders, LLP
Evansville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In re the Adoption of T.C. (Minor Child),

S.A.,

*Appellant-Respondent,*

v.

S.S.,

*Appellee-Petitioner.*

January 23, 2018

Court of Appeals Case No. 82A04-1707-AD-1590

Appeal from the Vanderburgh Superior Court

The Honorable Renee A. Ferguson, Magistrate

Trial Court Cause No. 82D04-1602-AD-22

**Bailey, Judge.**

# Case Summary

E.S. ("Mother") gave birth to a son, T.C. ("Child"), whose putative father was S.A. ("Father"). Mother later married S.S. ("Stepfather"), who petitioned to adopt Child. Father contested the adoption, and the trial court determined that Father's consent to the adoption was unnecessary. Father now appeals.

We affirm.

# Issues

Father presents two issues, which we restate as:

   I.    Whether the trial court erred in denying his motion to continue the consent hearing; and

   II.   Whether the trial court erred in determining that Father's consent to the adoption was unnecessary.

# Facts and Procedural History

Child was born on October 12, 2006, out of wedlock. Father did not seek to legally establish paternity of Child, though both Father and Mother believed that Father was Child's biological parent. For the first three months of Child's life, Father saw Child once or twice a week. Thereafter, Father came to see Child less often, and when he did, Father would abruptly leave. The last time Father communicated with Child was in March of 2009. Mother moved in May of 2009, changed her phone number in June or July of 2009, and did not

give Father her new address or phone number. At some point in 2011, Father was incarcerated after pleading guilty to a federal charge.

[5]     Mother and Stepfather married in 2014, and Stepfather filed a petition to adopt Child on February 24, 2016. Father contested the adoption, and the trial court scheduled a hearing to determine whether Father's consent was necessary. The hearing was held on April 24, 2017, at which time Father was incarcerated in federal prison in Arkansas; Father appeared telephonically, and was represented by counsel. When the hearing commenced, Father sought a continuance "to give him the opportunity to be released from incarceration to participate in his child's life." Tr. at 6. Father anticipated that he would be released to a halfway house in April of 2020. The trial court denied the motion for a continuance, conducted the hearing, and determined that Father's consent to the adoption was unnecessary. The trial court later granted Stepfather's petition to adopt Child, and Father initiated this appeal.

# Discussion and Decision

[6]     When reviewing a trial court's decision in an adoption proceeding, we presume that the decision is correct, and the appellant bears the burden of rebutting this presumption. *In re Adoption of O.R.*, 16 N.E.3d 965, 972 (Ind. 2014). "We will not disturb the trial court's ruling 'unless the evidence leads to but one conclusion and the trial judge reached an opposite conclusion.'" *Id.* at 973 (quoting *Rust v. Lawson*, 714 N.E.2d 769, 771 (Ind. Ct. App. 1999), *trans. denied*). Where, as here, the trial court has entered findings and conclusions,

"we apply a two-tiered standard of review: 'we must first determine whether the evidence supports the findings and second, whether the findings support the judgment.'" *In re Adoption of T.L.*, 4 N.E.3d 658, 662 (Ind. 2014) (quoting *In re Adoption of T.W.*, 859 N.E.2d 1215, 1217 (Ind. Ct. App. 2006)). We "shall not set aside the findings or judgment unless clearly erroneous." Ind. Trial Rule 52(A). Findings are clearly erroneous if they are unsupported by any evidence or the reasonable inferences to be drawn therefrom. *T.L.*, 4 N.E.3d at 662. A judgment is clearly erroneous when it is unsupported by the findings and the conclusions relying on those findings. *Id.* Moreover, in conducting our review, we must give "due regard . . . to the opportunity of the trial court to judge the credibility of the witnesses," T.R. 52(A), and we are to consider the evidence in the light most favorable to the trial court's decision. *T.L.*, 4 N.E.3d at 662.

[7] Ordinarily, a petition to adopt a child "may be granted only if written consent to adoption has been executed" by the child's parents. Ind. Code § 31-19-9-1. However, "[c]onsent to adoption . . . is not required from . . . [a] parent of a child in the custody of another person if for a period of at least one (1) year the parent . . . fails without justifiable cause to communicate significantly with the child when able to do so." I.C. § 31-19-9-8(a). This exception does not apply if a parent has engaged in even a single significant communication with the child during the pertinent timeframe. *See Rust*, 714 N.E.2d at 773.

[8] When a natural parent has contested an adoption, the person seeking to adopt the child "has the burden of proving that the parent's consent to the adoption is unnecessary." I.C. § 31-19-10-1.2(a). "Whether this burden has been met is

necessarily dependent upon the facts and circumstances of each particular case, including, for example, the custodial parent's willingness to permit visitation as well as the natural parent's financial and physical means to accomplish his obligations." *Rust*, 714 N.E.2d at 772. Moreover, "[e]fforts of a custodial parent to hamper or thwart communication between parent and child are relevant in determining the ability to communicate." *Id.*

## Motion to Continue

At the hearing regarding the necessity of Father's consent to the adoption, Father sought a continuance. The trial court denied the motion, which Father contends was an abuse of discretion and a violation of his right to due process.

Pursuant to Indiana Trial Rule 53.5, "[u]pon motion, trial may be postponed or continued in the discretion of the court, and shall be allowed upon a showing of good cause established by affidavit or other evidence." Moreover, "a trial court's decision to grant or deny a motion to continue is subject to abuse of discretion review." *In re K.W.*, 12 N.E.3d 241, 243-44 (Ind. 2014). Ultimately, "'[a]n abuse of discretion may be found in the denial of a motion for a continuance when the moving party has shown good cause for granting the motion,' but 'no abuse of discretion will be found when the moving party has not demonstrated that he or she was prejudiced by the denial.'" *Id.* at 244 (quoting *Rowlett v. Vanderburgh Cty. Office of Family & Children*, 841 N.E.2d 615, 619 (Ind. Ct. App. 2006), *trans. denied*). Furthermore, in some circumstances, the denial of a motion to continue can be "so arbitrary as to violate due

process." *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964) ("[A] myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality.").

[11] Here, the objective of the consent hearing was to determine whether—in the *past*—Father had failed, without justifiable cause, to communicate significantly with Child for the statutory period. *See* I.C. § 31-19-9-8(a)(2). Yet, "a parent's conduct *after* the petition to adopt was filed is 'wholly irrelevant'" to this determination. *In re Adoption of S.W.*, 979 N.E.2d 633, 640 n.3 (Ind. Ct. App. 2012) (quoting *In re Adoption of Subzda*, 562 N.E.2d 745, 750 n.3 (Ind. Ct. App. 1990)). Thus, because Father wanted a continuance for additional time to participate in Child's life, Father has not demonstrated that he had good cause to delay the consent hearing or that he was prejudiced by proceeding to the merits. Accordingly, the trial court did not abuse its discretion or deprive Father of his right to due process when it declined to continue the hearing.

## Consent to Adoption

[12] Father does not dispute that he had no contact with Child for a prolonged time. Rather, Father asserts that Mother thwarted his ability to communicate with Child because she moved and changed her phone number in 2009, and that the trial court essentially rewarded Mother for doing so. In so arguing, Father directs our attention to *In re Adoption of A.K.S.*, 713 N.E.2d 896 (Ind. Ct. App. 1999), and *D.D. v. D.P.*, 8 N.E.3d 217, 221 (Ind. Ct. App. 2014). However, each of those cases involved a parent who moved out of state and made

sustained efforts to maintain a parent-child relationship, despite the other parent's lack of cooperation. In contrast, here, Father did not attempt to see Child for two months even when he had Mother's current phone number and address. Moreover, in the ensuing years, Father did not initiate a paternity action or seek legal help with regaining contact with Child. Although Father claimed to be unsure of what steps to take, the trial court did not find Father credible, noting that Father had five other children and should be familiar with the "idea of legal paternity and needing to support a child." Appellee's App. Vol. II at 9. Furthermore, the evidence favorable to the judgment indicates that Mother believed Father saw her on multiple occasions in the community prior to his incarceration, and he did not initiate contact with her. Thus, viewing the evidence most favorably to the judgment, we cannot say that the trial court clearly erred in determining that Father did not have justifiable cause for his failure to significantly communicate with Child for the statutory period.[1]

# Conclusion

[13]  The trial court did not abuse its discretion or affront Father's right to due process by denying his motion to continue. The trial court did not clearly err in determining that Father's consent to the adoption was unnecessary.

---

[1] The trial court identified additional statutory grounds to support its determination that Father's consent to the adoption was unnecessary. Because we conclude that at least one statutory basis supports the trial court's determination, we need not address any additional basis.

Affirmed.

Kirsch, J., and Pyle, J., concur.