

**FILED**

Aug 05 2019, 6:03 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Tonisha Jarrett
Foley, Peden & Wisco, P.A.
Martinsville, Indiana

ATTORNEY FOR APPELLEES

Glen E. Koch II
Boren, Oliver & Coffey, LLP
Martinsville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In the Matter of the Adoption of
C.A.H., Minor Child,

A.C.S.,

*Appellant-Respondent,*

v.

R.S.E. and R.K.E.,

*Appellees-Petitioners.*

August 5, 2019

Court of Appeals Case No.
19A-AD-240

Appeal from the
Morgan Superior Court

The Honorable
Peter R. Foley, Judge

Trial Court Cause No.
55D01-1705-AD-85

**Kirsch, Judge.**

[1] A.C.S. ("Father") appeals the trial court's decree of adoption, which granted the petition to adopt minor child, C.A.H. ("the Child"), that was filed by R.S.E. and R.K.E. (together, "Grandparents"). Father raises the following restated issue for our review: whether the trial court erred in finding that Father's

consent to the adoption was irrevocably implied pursuant to Indiana Code section 31-19-10-1.2(g) because Father failed to appear for the final hearing.

[2]     We affirm.

## Facts and Procedural History

[3]     Child was born in July 2015 to M.H. ("Mother") and Father. Grandparents are Child's maternal grandparents and have cared for Child since March 2016. Grandparents were appointed guardians of Child in June 2016 under cause number 55D01-1603-GU-28.

[4]     In April 2017, the State filed a paternity action against Father under cause number 55D01-1704-JP-173. On May 25, 2017, Grandparents filed a petition to adopt Child. Mother initially consented to the adoption of Child. Grandparents claimed that Father's consent to the adoption was not necessary pursuant to Indiana Code section 31-19-9-8 because he (1) abandoned and deserted Child for at least six months immediately preceding the date the adoption petition was filed; (2) failed without justifiable cause to communicate significantly with Child when able to do so for at least one year; and (3) knowingly failed to provide for the care and support of Child when able to do so as required by law for at least one year. *Appellant's App. Vol. II* at 14.

[5]     In June 2017, Father filed a motion contesting the adoption of Child and requesting counsel. The trial court held a hearing on Father's request for counsel on July 24, 2017. Father, who appeared late to the hearing, was appointed pauper counsel. *Id.* at 4. On August 9, 2017, a pretrial hearing was

held, and Father appeared with counsel. He told the trial court that he still wished to contest the adoption, and the trial court set a hearing for November 2017 on the issue of whether Father's consent was necessary. *Tr.* at 10. At the hearing, the trial court informed Father that it was Father's obligation to stay in contact with his counsel and provide her with any necessary information. *Id.* at 14.

[6] In the meantime, Father failed to appear for his deposition on September 25. Accordingly, on October 11, 2017, Grandparents filed a motion to dismiss Father's motion to contest the adoption for failure to prosecute. *Appellant's App. Vol. II* at 33-34. Father filed a response alleging that he did not appear for the deposition because he was incarcerated in the Hamilton County Jail. *Id.* at 36. On October 31, 2017, Grandparents withdrew their motion to dismiss, and the adoption proceedings were stayed "pending resolution of the issue of paternity." *Id.* at 38. In April 2018, a hearing was held in the paternity case, after which the trial court entered an order establishing paternity in Father. *Id.* at 93. Grandparents then requested a final hearing in the adoption case, and the trial court set the hearing for June 2018. *Id.* at 42. The final hearing was continued to July because Father was again incarcerated and unable to attend the June hearing. *Id.* at 43.

[7] Father appeared with counsel at the final hearing set for July. Mother, who had initially consented to the adoption of Child, told the trial court that she wanted to withdraw her consent. *Tr.* at 18. Accordingly, the court appointed Mother counsel and continued the final hearing to October. *Id.* at 22, 25. The final

hearing was continued again because Grandparents obtained new counsel and needed more time to prepare. *Appellant's App. Vol. II* at 56.

[8] The final hearing was scheduled for "all day" on Friday, January 4, 2019, starting at 9 a.m. *Id*. at 58. Mother appeared with counsel and consented to the adoption of Child. *Tr*. at 33, 35. Father's counsel appeared, but Father did not. The trial court asked Father's counsel if she had spoken to Father, and she responded that, although she had not talked to him that day, she had had "multiple" phone calls with him the day before and that he indicated he would be in the courtroom between 8:30 a.m. and 8:45 a.m. on the date of the hearing. *Id*. at 33. Father's counsel requested a continuance because Father had "appeared to every other hearing" and had "answered every phone call as of yesterday." *Id.* Grandparents' attorney, who noted that the time was 10:17 a.m., objected to a continuance because the adoption case had been pending since May 2017 and because Father "appeared at other proceedings" and had been informed of the date of the final hearing. *Id.* at 34. Accordingly, Grandparents' attorney asked the trial court to "proceed in default" pursuant to Indiana Code section 31-19-10-1.2(g). *Id.* Section 31-19-10-1.2(g) provides: "If a court finds that the person who filed the motion to contest the adoption is failing to prosecute the motion without undue delay, the court shall dismiss the motion to contest with prejudice, and the person's consent to the adoption shall be irrevocably implied."

[9] The trial court denied Father's request for a continuance, stating as follows:

> Well, as far as a continuance, there doesn't appear to be any
> cause shown by [Father] as to why he's failed to appear. By the
> acknowledgment of [Father's counsel], she's had recent contact
> with him and has made appointments, and so there's no known
> cause. With that, [I] will deny the Motion for Continuance, and
> move forward and default [Father] [pursuant to Indiana Code
> section 31-19-10-1.2(g)].

*Tr.* at 34. The trial court then asked Father's counsel if she had any objection to
it finding that Father's consent was irrevocably implied, and Father's counsel
argued:

> I will just renew my request to allow [Father] to appear in
> person. He did file the proper written notice to contest the
> adoption. He did not believe that his consent was not required.
> So I just renew my prior request that he have the opportunity to
> present his case to this Court, as we are dealing with the
> termination of parental rights, which would be one of [Father's]
> very fundamental rights in this matter. So we just ask the Court
> to reconsider and allow [Father] to appear and present his case as
> he did make it clear that he contested this matter before the
> Court.

*Id.* at 35. The trial court again denied Father's counsel's request, stating that

"there is no showing of cause for [Father's] failure to appear. So this is an

undue delay, as found under subsection g of the statute, and the Court will then

find that his consent has been irrevocably implied for failure to prosecute . . .

what amounts to the objection to the adoption." *Id.* The trial court then

proceeded to hear evidence on the sole issue of whether the adoption was in the

best interests of Child and, at the conclusion of the evidence, issued a decree of

adoption on January 7, 2019. According to the decree, Father's consent to the

adoption was "not necessary" pursuant to Indiana Code section 31-19-10-1.2(g) because he "fail[ed] to appear." *Appellant's App. Vol. II* at 93.

[10] After filing a notice of appeal, Father filed an Indiana Trial Rule 60(B) motion for relief from judgment in the trial court, alleging that he overslept on the date of the final hearing, but "still appeared at the courthouse during the scheduled hearing time on the date of the hearing." *Id.* at 99. The trial court denied Father's Trial Rule 60(B) motion, finding that it lacked jurisdiction to address it. Father now appeals the trial court's decree of adoption.

## Discussion and Decision

[11] When reviewing a trial court's ruling in an adoption proceeding, we will not disturb that ruling unless the evidence leads to but one conclusion and the trial court reached an opposite conclusion. *In re Adoption of T.L.*, 4 N.E.3d 658, 662 (Ind. 2014). We presume that the trial court's decision is correct, and we consider the evidence in the light most favorable to the decision. *Id.*

[12] Father contends that the trial court erred by finding that his consent to the adoption of Child was irrevocably implied because he failed to appear at the final hearing on January 4. Again, Indiana Code section 31-19-10-1.2(g) provides as follows:

> If a court finds that the person who filed the motion to contest the adoption is failing to prosecute the motion without undue delay, the court shall dismiss the motion to contest with prejudice, and the person's consent to the adoption shall be irrevocably implied.

Father argues that, although he did not appear at the January 4 final hearing, he did not fail to prosecute his motion to contest without undue delay because he participated in the adoption proceedings on an "ongoing and consistent" basis. *Appellant's Br*. at 7. Grandparents respond that the trial court properly found that Father's consent was irrevocably implied pursuant to this court's opinion in *K.S. v. D.S.*, 64 N.E.3d 1209 (Ind. Ct. App. 2016), which they claim is "dispositive in this appeal." *Appellees' Br*. at 14.

In *K.S.*, K.S., the birth mother, and C.S., the father, had one child in 2011. When their marriage was later dissolved, the father was awarded sole legal and physical custody of the child. 64 N.E.3d at 1211. The father later remarried, and in 2015 his new wife, the adoptive mother, filed a petition to adopt the child. *Id*. The petition alleged that the birth mother's consent to the adoption was not required because she had abandoned the child and had not consistently paid child support. *Id*. The birth mother objected to the adoption, and a hearing was set for January 8, 2016. *Id*. However, on December 17, the birth mother requested a continuance alleging that she had entered an inpatient drug-treatment facility in California on December 1 and that she would be there at least ninety days. *Id*. The trial court converted the January 8 hearing to a status hearing and said that it would address the birth mother's continuance then. *Id*. In addition, the trial court ordered the birth mother's attorney to submit proof of her enrollment in treatment. *Id*. Thereafter, the birth mother's attorney filed a letter dated November 29 from "Nationwide Recovery" in California stating that the birth mother "w[ould] be attending" drug treatment

there beginning December 1 and that the treatment would last between forty-five and ninety days. *Id*.

[14] The birth mother did not appear at the January 8 status hearing, but her attorney did. *Id*. He told the trial court that he had spoken with the birth mother on a conference call on another matter shortly before Christmas and that she said she was in treatment and would be "getting out early." *Id.* at 1211-12. However, he had not heard from the birth mother since then, did not know her whereabouts at the time of the hearing, and did not know whether she had left treatment early. *Id*. at 1212. The trial court rescheduled the hearing for January 13. *Id*.

[15] The birth mother again failed to appear at the January 13 hearing, but her attorney did and requested another continuance because he had been unable to locate her and wanted to confirm whether she was in treatment. *Id*. Specifically, the attorney told the trial court that he called the phone number on the Nationwide Recovery letter but had gotten a message that the voicemail inbox was full. *Id*. He also tried a phone number that he looked up online, but all he got was a busy signal. *Id*. The adoptive mother objected to another continuance, voicing concerns about the authenticity of the Nationwide Recovery letter and pointing out that the letter did not actually confirm that the birth mother had entered treatment, only that she "would be" entering treatment. *Id.* The trial court denied the motion for continuance, and the hearing was held as scheduled. *Id*. At the conclusion of the hearing, the trial court ruled that the birth mother's consent to the adoption was irrevocably

implied pursuant to Indiana Code section 31-19-9-18(c) because she failed to appear to contest the adoption petition. *Id.* Section 31-19-9-18(c), which is nearly identical to section 31-19-10-1.2(g) at issue here, provides as follows:

> A court shall dismiss a motion to contest an adoption filed under subsection (b)(2) with prejudice and the person's consent to the adoption shall be irrevocably implied if the court finds that the person who filed the motion to contest is failing to prosecute the motion without unreasonable delay.

Ind. Code § 31-19-9-18(c).[1]

[16] On appeal, this court affirmed the trial court's finding that the birth mother's consent was irrevocably implied pursuant to section 31-19-9-18(c). Specifically, we reasoned that the birth mother's attorney "made every effort to personally notify [her] of the hearings and to have her attend, but [her] disappearance made it impossible for him to do so." *K.S.*, 64 N.E.3d at 1214. In addition, we explained that the trial court was not obligated to accept the birth mother's claim that she was in treatment, especially considering her attorney's inability to reach her or anyone else at the facility where she claimed to be enrolled. *Id.* Moreover, we explained that even if the birth mother was in treatment, that "would not excuse her complete failure to maintain contact with the court or, at

---

[1] The parties do not raise any contentions regarding the existence of two different statutes that are basically identical or the fact that *K.S.* concerned the application of Indiana Code section 31-19-9-18(c) and the present case focuses on the application of Indiana Code section 31-19-10-1.2(g). We, therefore, conclude that the reasoning of *K.S.* applies equally to the case in front of us.

the very least, her own attorney and to remain apprised of the status of the adoption proceedings, of which she was undisputedly aware." *Id.*

[17] We find the present case to be very similar to *K.S.*, which provides guidance in our decision. In *K.S.*, the birth mother filed a motion to contest the adoption but then failed to maintain contact with her attorney and did not stay apprised of the adoption proceedings, missing two hearings. Here, Father also filed a motion to contest the adoption and then proceeded to repeatedly neglect to participate in the adoption proceedings. Father appeared late to a hearing in July 2017, and after he was appointed counsel, the trial court specifically informed Father that it was Father's obligation to stay in contact with his counsel and provide her with any necessary information. *Tr.* at 14. Although Father was admonished to stay in contact with his counsel, he failed to appear for a deposition on September 25, 2017. After Grandparents filed a motion to dismiss Father's motion to contest the adoption for failure to prosecute, Father filed a response asserting that he did not appear for the deposition because he was incarcerated in the Hamilton County Jail. *Id*. at 36.

[18] Father did attend other hearings in August 2017 and July 2018, but was incarcerated several times during the proceedings, which necessitated at least one continuance, further delaying the proceedings. The final hearing in the adoption case was scheduled for 9 a.m. on Friday, January 4, 2019, and Father was notified of the hearing and, according to his counsel, was aware of the time and date of the hearing when she spoke with him the previous day. *Tr.* at 33. Father failed to appear at the hearing. Father's counsel requested a

continuance, to which Grandparents objected because Father was aware of the hearing, which had been set for several months and the matter had been pending since May 2017. *Id.* at 34. Grandparents also noted that it was 10:17 a.m., and the hearing had been set to begin at 9:00 a.m. *Id.* Father's counsel had not heard from Father, was not able to present any reason why Father had failed to appear at the hearing, and was not aware of his whereabouts.

[19] Father's neglect of the proceedings in the present case is similar to the birth mother in *K.S.*, where the trial court found that the birth mother's consent was not necessary and was irrevocably implied due to her failure to appear at the final hearing. Here, Father failed to appear at the final hearing without any explanation or contact with his counsel when he was aware of the time and date. At the time that he failed to appear, Father's counsel did not know his whereabouts or a way of contacting him, although the trial court had previously informed Father that he must stay in contact with his counsel and provide her with any information necessary. *Tr.* at 14. Father alleges that although he was not present during the hearing, he still appeared at the courthouse during the scheduled hearing time on the date of the hearing. However, he does not elaborate as to what actual time he appeared, and his assertion is not supported by any evidence. During the hearing, Grandparents, in objecting to a continuance, noted that it was already 10:17 a.m., which was an hour and seventeen minutes after the scheduled start time of the hearing. We conclude that the trial court did not err in finding that Father's consent to the adoption

was irrevocably implied due to his failure to appear and his failure to prosecute the motion without unreasonable delay.

[20] Affirmed.

Altice, J., concurs.

Vaidik, C.J., dissents with separate opinion.

In the Matter of the Adoption of
C.A.H., Minor Child,

A.C.S.,

*Appellant-Respondent,*

v.

R.S.E. and R.K.E.,

*Appellees-Petitioners.*

Court of Appeals Case No.
19A-AD-240

**Vaidik, Chief Judge, dissenting.**

[21] I respectfully dissent. I do not believe that the evidence is sufficient to support the finding that Father failed to prosecute his motion to contest the adoption without undue delay and therefore impliedly consented to the adoption under Indiana Code section 31-19-10-1.2(g).

[22] The trial court found that Father's consent to the adoption was irrevocably implied because he failed to appear at the final hearing. *See* Appellant's App. Vol. II p. 93 (finding that Section 31-19-10-1.2(g) applies because "[Father] fails to appear."). As a result, Grandparents were relieved of the burden of proving

that Father failed without justifiable cause to communicate significantly with Child when able to do so or knowingly failed to provide for the care and support of Child when able to do so as required by law or judicial decree.

[23] I understand that over the course of this nearly twenty-month litigation, Father also showed up late to a hearing in July 2017 and missed his scheduled deposition in September 2017. In this regard I make three observations. One, these absences were not cited by the trial court to justify its ruling. Two, Father was legitimately unable to attend his deposition, a fact that Grandparents themselves recognized when they withdrew their motion to dismiss Father's motion to contest the adoption upon learning that Father was in jail at the time of his deposition. And three, focusing on these two early failings ignores the subsequent lengthy period—almost sixteen months—in which Father prosecuted his motion to contest the adoption and established paternity.

[24] In fact, on January 3, the day before the final hearing, Father had "multiple phone calls" with his attorney and said that he would be at the courthouse the next day between 8:30 and 8:45 a.m. Tr. p. 33. However, by 10:17 a.m. on January 4, Father had not appeared at the hearing.[2] Father's attorney requested

---

[2] The final hearing was set for "all day" on January 4. Appellant's App. Vol. II p. 58. Father filed an Indiana Trial Rule 60(B) motion for relief from judgment with the trial court indicating that he woke up late for the final hearing but still appeared at the courthouse during the time scheduled for the hearing. The majority correctly notes that there is no evidence substantiating Father's claim. This is so because Father filed his Trial Rule 60(B) motion after this appeal was filed and thus no hearing was held regarding Father's absence from the final hearing.

a continuance because Father had "appeared to every other hearing" and had "answered every phone call as of yesterday." *Id.* Nevertheless, the trial court denied the continuance, found that Father's consent was implied, and issued an adoption decree.

[25] The majority relies almost exclusively on *K.S.*, but that case is nothing at all like this case. There, the mother filed a motion to contest the adoption but then disappeared. In other words, she took no steps to prosecute her claim. Here, in contrast, Father prosecuted his claim for well over a year before missing the final hearing. As the majority itself acknowledges, the final hearing was previously scheduled to occur in July 2018, and Father appeared for that hearing. However, Mother, who had initially consented to the adoption, told the trial court that she wanted to withdraw her consent. Accordingly, the trial court reset the final hearing.

[26] Given the fundamental interests at stake in adoption cases, I believe that more should be required to find implied consent.[3] As our Supreme Court has emphasized, "Few liberties are as central to our society as the right of parents to raise their children. Our General Assembly has thus set a high bar for

---

[3] Indiana Code section 31-19-9-12(2) provides that a **putative** father's consent to adoption is irrevocably implied if the putative father "having filed a motion to contest the adoption . . ., fails to appear at the hearing set to contest the adoption." A putative father is a father whose paternity has not yet been established. Because Father's paternity was established before the final hearing, he was not a putative father. Accordingly, this statute does not apply to him. Further, it makes sense that a lower bar should be set for a putative father as opposed to a father who has gone through the process of establishing paternity.

terminating parental rights[.]" *In re Bi.B.*, 69 N.E.3d 464, 465 (Ind. 2017); *see also L.G. v. S.L.*, 76 N.E.3d 157 (Ind. Ct. App. 2017) (holding that the trial court's dismissal of the father's motion to contest the adoption based solely on his failure to appear at his deposition was unwarranted given the fundamental interests at stake), *summarily aff'd in part*, 88 N.E.3d 1069 (Ind. 2018).

[27] Although Father failed to appear at the final hearing, his actions during the sixteen months leading up to the final hearing—most importantly, his active participation in the related paternity proceedings—are not the actions of a parent who is failing to prosecute the motion to contest without undue delay.

[28] In affirming the trial court, the majority sets a dangerous precedent. Under the majority's holding, the bar for finding implied consent in adoption cases is set too low. I would therefore remand this case to the trial court to give Father an opportunity to contest Grandparents' allegations that he failed to communicate with and support Child.