



FILED

Jan 10 2020, 11:43 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Indiana Supreme Court

Supreme Court Case No. 20S-AD-5

## In the Matter of the Adoption of C.A.H.,
## A.C.S. (Father),

*Appellant-Respondent,*

–v–

## R.S.E. and R.K.E. (Grandparents),

*Appellees-Petitioners.*

Decided: January 10, 2020

Appeal from the Morgan Superior Court, No. 55D01-1705-AD-85
The Honorable Peter R. Foley, Judge

On Petition to Transfer from the Indiana Court of Appeals,
No. 19A-AD-240

**Per Curiam Opinion**

All Justices concur.

**Per curiam.**

Indiana law allows trial courts to find that a natural parent's consent to the adoption of a child is irrevocably implied if the parent fails to prosecute a motion to contest the adoption "without undue delay." Ind. Code § 31-19-10-1.2(g).

However, a parent's implied consent to the adoption of a child may not be based solely on the parent's failure to appear at a single hearing, absent further findings to support a failure to prosecute. Accordingly, we reverse the trial court's finding that Father's consent was irrevocably implied in this matter and remand for further proceedings.

## Facts and Procedural History

C.A.H. ("Child") was born in 2015 to M.H. ("Mother")[1] and A.C.S. ("Father"). R.S.E. and R.K.E. ("Grandparents"), Child's maternal grandparents, have cared for Child since March 2016. In June 2016, Grandparents were appointed Child's guardians, and in May 2017, Grandparents filed a verified petition to adopt Child. This petition claimed that Father's consent to the adoption was unnecessary under Indiana Code sections 31-19-9-8(a)(1)-(2), 31-19-9-8(a)(11), and 31-19-9-8(b). Specifically, Grandparents claimed that for a period of at least six months preceding the filing of the petition, Father had "abandoned and deserted" Child, and that for a period of at least one year preceding the filing of the petition, Father had failed to communicate with or provide financial support for Child. bAppellant's App. Vol. II, p. 14.

Father filed a motion contesting the adoption and was appointed counsel. Father appeared, with his attorney, at an August 2017 pretrial hearing, and the trial court set a hearing for November on the issue of whether Father's consent to the adoption was necessary. But when Father failed to appear for a deposition in September 2017, Grandparents filed a

---

[1] Mother voluntarily terminated her parental rights to Child and does not participate in this appeal.

motion to dismiss Father's motion to contest the adoption for failure to prosecute. Father responded, indicating that he failed to appear because he was incarcerated in the Hamilton County Jail, and Grandparents voluntarily withdrew their motion to dismiss. Shortly thereafter, the November 2017 hearing on whether Father's consent was necessary was vacated and the adoption proceedings were stayed "pending resolution of the issue of paternity." App. Vol. II, p. 38.

In April 2018, the trial court issued orders establishing paternity in Father and setting the final hearing in the adoption case for June. On the morning of the final hearing, Father, by counsel, moved to continue, indicating that the previous day he was released from the Morgan County Jail "and picked up by Hamilton County" and was therefore unable to attend. *Id*. at 43. The trial court continued the hearing to July 18, 2018.

Father appeared at the July 18 hearing, but when Mother withdrew her consent to the adoption, the trial court appointed Mother counsel and continued the final hearing to October 5. *Id.* at 46-47. On October 4, Grandparents, by counsel, requested a continuance of all pending matters to allow them time to obtain other legal counsel, and the hearing was reset to November 14, 2018. *Id.* at 53, 55. Before this hearing, Grandparents filed an unopposed motion to continue, and the final hearing again was reset to January 4, 2019. *Id.* at 56, 58.

Father failed to appear the morning of the final hearing. Although Father's counsel informed the court that she had had "multiple" phone calls with Father the day before and he had indicated he would attend, the trial court denied her oral motion for a continuance. Tr. Vol. II at 33, 35. The trial court then entered a decree of adoption in which it found that "Natural father [ ] fails to appear. The Court finds [Father's] consent is not necessary. See Ind. Code Sec. 31-19-10-1.2. The rights of the natural father [ ] are hereby terminated." App. Vol. II, p. 93. Father filed a Trial Rule 60(B) motion for relief from judgment, indicating that he overslept on January 4 but "still appeared at the courthouse during the scheduled hearing time." The trial court denied this motion. *Id.* at 99.

In a divided opinion, the Court of Appeals affirmed. *Matter of Adoption of C.A.H.*, 132 N.E.3d 403 (Ind. Ct. App. 2019). The majority found that this

case was similar to *K.S. v. D.S.*, 64 N.E.3d 1209 (Ind. Ct. App. 2016), *trans. not sought*, which affirmed the trial court's finding that the birth mother's consent to adoption was irrevocably implied due to her failure to appear at two hearings and her failure to maintain contact with her attorney. Judge Vaidik dissented, contending that the majority opinion sets the bar for finding implied consent in adoption cases "too low," and would remand the case to allow Father to contest Grandparents' failure-to-support and failure-to-communicate allegations. 132 N.E.3d at 409.

We now grant transfer, thereby vacating the Court of Appeals opinion. Ind. Appellate Rule 58(A).

# Discussion and Decision

"When reviewing a trial court's ruling in an adoption proceeding, we will not disturb that ruling unless the evidence leads to but one conclusion and the trial judge reached an opposite conclusion." *In re Adoption of T.L.*, 4 N.E.3d 658, 662 (Ind. 2014) (cleaned up).

Indiana Code section 31-19-10-1.2(g)[2] provides that "[i]f a court finds that the person who filed the motion to contest the adoption is failing to prosecute the motion without undue delay, the court shall dismiss the motion to contest with prejudice, and the person's consent to the adoption shall be irrevocably implied."

As to Father, the trial court's decree of adoption cited to only this provision—and the fact that Father failed to appear at the final hearing—in concluding that Father's consent to Child's adoption was not required. We therefore must decide whether Father's failure to appear at the January 4, 2019 final hearing constituted a "fail[ure] to prosecute the motion without undue delay[.]"

---

[2] *K.S. v. D.S.* relied on a different (but functionally identical) statute, Indiana Code section 31-19-9-18, and neither party argues that *K.S.* can be distinguished on this basis.

First, we note that Father *did* appear at the first continued final hearing on July 18, 2018, but when Mother withdrew her consent to the adoption, the hearing was continued to October 5. This hearing then was continued two more times at Grandparents' request.

We also note that, on the morning of January 4, 2019, Grandparents' counsel and the trial court referred to Father's failure to appear as a basis to find his implied consent *and* as a basis for default. After Father's counsel moved to continue the hearing, the following colloquoy took place:

> [GRANDPARENTS' COUNSEL]: Your honor, on behalf of my clients, we object to the continuance. [Father] was aware of the hearing date. This matter has been pending since May of 2017. So, it's been a very long time. He's appeared at other proceedings. Counsel has informed him of the hearing date. He was served. This hearing date has been pending for quite some time. We ask that we proceed in default … pursuant to the Indiana Rules of Trial Procedure and Indiana Code 31-19-10-1.2. And I would also note it's 10:17 on the clock.
>
> THE COURT: Right. Well, as far as a continuance, there doesn't appear to be any cause shown by the natural father as to why he's failed to appear. By the acknowledgment of [Father's counsel], she's had recent contact with him and has made appointments, so there's no known cause. With that, we will deny the Motion for Continuance, and move forward and default [Father]. There is a citation, I believe …
>
> [GRANDPARENTS' COUNSEL]: In the Decree that I provided, Indiana Code 31-19-10-1.2 subparagraph g.

Tr. Vol. II, p. 34.

A few moments later, the trial court stated its intention to "make the finding as requested by Grandparents. Today is the date for the hearing. And there is no showing of cause for [Father's] failure to appear. So this is an undue delay, as found under subsection g of the statute, and the Court will then find that his consent has been irrevocably implied for failure to prosecute his … what amounts to the objection to the adoption." *Id.* at 35.

In civil matters, a trial court may enter a default judgment against a party for a failure to appear at a hearing or file responsive pleadings. Ind. Tr. R. 55. And while a parent's interest in the care, custody, and control of his child is "perhaps the oldest of the fundamental liberty interests," that parent's non-participation in adoption or child welfare proceedings may still result in the involuntary termination of parental rights. *In re C.G.*, 954 N.E.2d 910, 923 (Ind. 2011), quoting *Troxel v. Granville*, 530 U.S. 57, 65, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000); *Termination of Parent-Child Relationship of I.B. v. Ind. Dep't of Child Services*, 933 N.E.2d 1264, 1270-71 (Ind. 2010); *K.S.*, supra. Within this framework, the General Assembly has created several means by which a parent's consent to the adoption of a child may be irrevocably implied, including the parent's failure to timely prosecute a motion to contest the adoption.

But Father's failure to attend the final hearing—one that had been rescheduled once at his request and three times at the request of other parties—is insufficient to overcome the important liberty interests at stake by finding him in default. Father's failure to appear at a single hearing also is insufficient to support a finding of implied consent when he appeared at other hearings, maintained contact with his attorney, and otherwise participated in the proceedings. *See L.G. v. S.L.* 76 N.E.3d 157, 170 (Ind. Ct. App. 2017), *summarily aff'd in part*, 88 N.E.3d 1069 (Ind. 2018) (holding that the dismissal of a motion to contest based solely on the parent's failure to appear at a deposition was unwarranted given the fundamental liberty interests at stake). We agree with Judge Vaidik that affirming the trial court's judgment impermissibly lowers the bar for finding implied consent in adoption cases. *See C.A.H.*, 132 N.E.3d at 409.

Finally, we note that Grandparents' verified petition alleged that Father's consent to Child's adoption was unnecessary because he had abandoned Child for at least six months preceding the petition's filing; failed without justifiable cause to communicate significantly with Child; and failed to provide for Child's care and support when able to do so. App. Vol. II, p. 14. This opinion does not resolve these claims, and our reversal of the trial court's order does not mean that Father necessarily will succeed in rebutting these allegations on remand; it simply provides him the opportunity to try.

# Conclusion

A parent's implied consent to the adoption of a child may not be based solely on the parent's failure to appear at a single hearing.

There may be a situation, as in *K.S.*, where a finding of implied consent can be supported by a parent's failure to appear at the final hearing as *part of* an overall failure to advance a motion to contest an adoption. But this is not the case here. Father appeared at the initial final hearing before it was rescheduled, responded to pleadings, and maintained communication with his attorney throughout the proceedings. Under these circumstances, *K.S.* is inapposite.

We reverse the judgment of the trial court and remand for a hearing on the merits of Father's motion to contest the adoption.

All Justices concur.

ATTORNEY FOR APPELLANT, FATHER
Alexander W. Robbins
The Law Office of Alex Robbins
Bedford, Indiana

ATTORNEY FOR APPELLEES, GRANDPARENTS
Glen E. Koch, II
Boren, Oliver & Coffey, LLP
Martinsville, Indiana